McNEA, Appellee,

v.

CITY OF CLEVELAND et al., Appellants.

[Cite as *McNea v. Cleveland* (1992), 78 Ohio App.3d 123.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62685.

Decided Aug. 4, 1992.

*David C. Eisler,* for appellee.

*Danny R. Williams,* Director of Law, and *Harold C. Reeder,* Assistant Director of Law, for appellants.

KRUPANSKY, Judge.

Defendants-appellants city of Cleveland ("city"), former Mayor George V. Voinovich and former Safety Director Mitchell J. Brown appeal from a judgment of the common pleas court reinstating plaintiff-appellee William J. McNea to the position of Secretary of Police with back pay accruing since he was removed from that position in June 1988. The appeal *sub judice* is the second appeal to this court in this matter.

Plaintiff filed an original action for wrongful discharge against defendants in the common pleas court May 30, 1989 alleging he was improperly "stripped" of his position as Secretary of Police and "returned to the rank of patrolman" without a hearing. The common pleas court granted summary judgment in favor of plaintiff after determining the position of Secretary of Police constituted a classified civil service position. The common pleas court found the city failed to provide a hearing prior to taking such disciplinary action.

On appeal, a panel of this court reversed the summary judgment for plaintiff and remanded for further proceedings, stating in part as follows:

" * * * Thus, since the position of Secretary of Police is indeed a classified civil service position, any disciplinary action taken against an individual must be subjected to a hearing before the Civil Service Commission of the City of Cleveland pursuant to the application of Civil Service Commission Rule 9.00 (Discharges, Suspensions and Demotions)." *McNea v. Cleveland* (Dec. 10, 1990), Cuyahoga App. No. 59698, unreported, at 11, 1990 WL 180641, motion to certify the record overruled (1991), 59 Ohio St.3d 714, 572 N.E.2d 695. Among the rules adopted under Civil Service Commission Rule 9.00 is Rule 9.60 which provides in pertinent part as follows:

"**Appeal to the Commission.** *Appeal to the Commission from the decision of the Director in all cases provided for by the Charter, shall be deemed perfected when the officer or employee concerned files notice thereof in writing with the commission within ten (10) days after service of such decision;* however, the Commission will not hear or determine any appeals relating to matters that were the subject of a final and binding union grievance procedure." (Emphasis added.)

The common pleas court conducted an evidentiary hearing on remand August 27, 1991 despite defendants' argument to the common pleas court that it lacked subject matter jurisdiction over the dispute. Plaintiff testified at the hearing on his own behalf and introduced four exhibits including an affidavit from the former Safety Director who assigned him to the position of Secre-

tary of Police and a letter from the Safety Director to the Chief of Police assigning him to the position. Defendants did not present any witnesses.

Plaintiff testified that he has been employed by the city as a patrolman since 1964 and was a member and president of the Cleveland Police Patrolman's Association ("CPPA") prior to acting as Secretary of Police. Plaintiff stated that he was no longer an active member of the CPPA after he resigned his position as president of the union and was assigned the position of Secretary of Police by Safety Director Reginald M. Turner on September 11, 1984. In his deposition, however, plaintiff testified he retained his membership in the CPPA as a patrolman and continued to pay his dues to the union during the period of time while he was Secretary of Police.

Plaintiff testified that he had never taken a civil service examination for the position of Secretary of Police prior to or after his assignment to the position and his name did not appear on a Civil Service Commission list of persons eligible for the position. Three categories of positions exist within the classified service, *viz.*: (1) competitive, (2) noncompetitive, and (3) unskilled. A person who is a member of the uniformed ranks of the Cleveland Police prior to his assignment to the position of Secretary of Police need not take a competitive examination for the position. R.C. 124.51, which deals with the position of Secretary of Police and is incorporated by reference into Cleveland Codified Ordinances Section 135.15, provides as follows:

"**Secretary of Police; Secretary of fire**

"In any city which by action of its legislative authority establishes the position of secretary of police or the position of secretary of fire, *neither such position, if filled by a member of the uniform rank by assignment, shall be subject to competitive examination,* notwithstanding section 124.44 of the Revised Code. The status within the uniform ranks of such member while so serving in such assignment shall remain unchanged and, notwithstanding the compensation fixed for such position, he shall not acquire any right to promotion other than such rights to promotion which apply to the rank held at the time of assignment." (Emphasis added.)

Plaintiff stated that he was removed from the position of Secretary of Police and reassigned as a patrolman by the new Safety Director, Mitchell J. Brown, June 2, 1988 following drunk driving charges brought against plaintiff. Notably absent from plaintiff's testimony was any indication that he had initiated or exhausted any applicable civil service or grievance arbitration procedures prior to filing his complaint in the common pleas court.

After conducting the hearing on remand, the common pleas court entered a three-page opinion and judgment in favor of plaintiff. Although the common pleas court recognized plaintiff did not seek an appeal to the Civil Service

Commission or pursue the grievance arbitration process for CPPA members, the trial court concluded plaintiff's failure to exhaust any such applicable remedies was excused since complying with such procedures would have been "a vain act." The common pleas court stated as follows:

"It is unrebutted that McNea failed to appeal his termination as Secretary of Police to the Civil Service Commission or to the Union Grievance Committee, but it is well established that one is not required to seek administrative relief when it would be a vain act."

The common pleas court found in favor of plaintiff stating as follows:

"After reviewing the evidence submitted, the Court finds that McNea was properly appointed to the position of Secretary of Police. Further, even if McNea was not properly appointed, the City should be estopped from claiming that he was not lawfully appointed."

Defendants again timely appeal raising two assignments of error.[1] However, since we find the common pleas court lacked subject matter jurisdiction over the case *sub judice,* we dismiss the appeal herein.

As noted by the common pleas court, the record does not contain any evidence plaintiff appealed the disciplinary action to the Civil Service Commission or filed a grievance pursuant to the collective bargaining agreement between the city and CPPA.[2] The Ohio Supreme Court has recognized in this context that applicable civil service procedures *must* be exhausted for the common pleas court to obtain subject matter jurisdiction over the dispute, stating as follows:

"*A Court of Common Pleas has no jurisdiction over the indefinite suspension of a city civil service employee when the employee fails to file an available administrative appeal,* even though the legal basis for the suspension is subsequently nullified." (Emphasis added.) *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 17 O.O.3d 16, 406 N.E.2d 1095, syllabus. Accord *State ex rel. Flynn v. Davis* (1933), 46 Ohio App. 46, 14 Ohio Law Abs. 625, 187 N.E. 729.[3]

---

1. Defendants' two assignments of error are set forth in the Appendix.

2. Plaintiff attached various materials to his appellate brief including portions of the collective bargaining agreement between the CPPA and the city and material concerning the Civil Service Commission. However, such materials are not properly part of the record certified from the trial court and may not be considered by this court on appeal. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

3. We are unable to express any opinion concerning the scope or applicability of the grievance arbitration procedure to the parties' dispute *sub judice* since the parties failed to

Lack of subject matter jurisdiction renders any judgment entered in the proceedings subject to collateral attack and may be raised at any time. Civ.R. 12(H)(3); *State ex rel. Cleveland v. Columbus Dept. of Community Serv.* (1986), 23 Ohio St.3d 47, 23 OBR 123, 491 N.E.2d 304 (collateral attack on jurisdiction of civil service commission); *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 2 O.O.3d 408, 358 N.E.2d 536. Consequently, although defendants failed to raise such argument in their prior appeal, the common pleas court should have determined that it lacked subject matter jurisdiction over the dispute in the case *sub judice*. The jurisdiction of the common pleas court in this context is limited to appellate review of the determinations made by the Civil Service Commission. See *Sutherland–Wagner v. Brook Park Civil Serv. Comm.* (1987), 32 Ohio St.3d 323, 512 N.E.2d 1170; R.C. 2506.01 *et seq.*

Under the circumstances, plaintiff's failure to pursue or exhaust his civil service remedies is not excused by the "vain act" doctrine. The Ohio Supreme Court has stated in this context as follows:

" 'A vain act is defined in the context of lack of authority to grant administrative relief and not in the sense of lack of probability that the application for administrative relief will be granted.' * * * Thus, a 'vain act' occurs when an administrative body lacks the authority to grant the relief sought; a vain act does not entail the petitioner's probability of receiving the remedy." *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 115, 564 N.E.2d 477, 483.

Plaintiff testified that he was familiar with the applicable dispute resolution procedures based upon his experience as president of the CPPA and that he was specifically assigned the position of Secretary of Police to handle such disputes for the city based upon his expertise. Plaintiff's affidavit filed in the common pleas court states that he believed the position of Secretary of Police was protected by civil service as follows:

" * * * The City assured affiant that the Secretary of Police position was a fully protected civil service position that he could hold for [as] long as affiant saw fit. * * * "

Under the circumstances, plaintiff should have appealed his removal as Secretary of Police to the Civil Service Commission thereby permitting the commission to enter an order from which an appeal could be taken to the common pleas court. The Civil Service Commission's order would confer

---

properly introduce the collective bargaining agreement between the city and the CPPA into the record in the common pleas court. Accordingly, our discussion is limited to the civil service remedies properly before the court.

jurisdiction on the common pleas court so that it could properly hear the appeal from the commission pursuant to R.C. 2506.01.

Although the parties disputed whether the position constituted a classified civil service position, this controversy does not permit plaintiff to bypass the necessary appeal from the order removing him from the office of Secretary of Police to the Civil Service Commission. See *Noernberg v. Brook Park, supra.* In addition, denial, if any, of jurisdiction by the Civil Service Commission after exhausting this procedure would have been appealable to the common pleas court. *Cascone v. Bedford City School Dist.* (1986), Cuyahoga App. No. 50195, unreported, 1986 WL 2353 (citing *State ex rel. Henderson v. Civil Service Comm.* [1980], 63 Ohio St.2d 39, 17 O.O.3d 24, 406 N.E.2d 1105).

The trial court lacked subject matter jurisdiction over the original complaint from which this appeal is taken. Therefore, we hold both the first and second trial court judgments are nullities and we dismiss the appeal herein for lack of subject matter jurisdiction.

*Cause dismissed.*

NAHRA, P.J., and ANN McMANAMON, J., concur.

NAHRA, Presiding Judge, concurring.

On the first appeal of this case the failure to exhaust administrative remedies was not raised as an assignment of error by the city. For this reason I would be inclined to say there was a waiver. However, failure to exhaust administrative remedies deprives the common pleas court of jurisdiction and since lack of jurisdiction can be raised at any time, I reluctantly concur.

Appendix

Defendants raise the following two assignments of error:

"I. The Common Pleas Court erred in granting summary judgment where there was no evidence that McNea had been properly appointed to the position of Secretary of Police in conformity with the Cleveland City Charter.

"II. The Common Pleas Court also erred in accepting McNea's estoppel argument because that doctrine only applies to oral at-will employment agreements and has no application where an employee failed to exhaust remedies available to him."