JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Darrell Hall ("Hall"), appeals the trial court's granting of defendant-appellee, City of Cleveland's ("City") motion for summary judgment. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we dismiss the appeal.
 I. {¶ 2} Hall was an employee of the City of Cleveland in its Department of Public Utilities, Division of Water Pollution. Hall missed two days of work in January of 1997. Hall returned to work with a doctor's excuse; however, the excuse did not cover both of the days that he was absent.
 {¶ 3} Hall had previous attendance problems and was consequently already involved in the employee absence procedure process. He had therefore attended a predisciplinary hearing in front of Ollie Shaw, Deputy Commissioner of the Division of Water Pollution Control, on January 27, 1997, relating to his absence. On February 13, 1997, Hall received a suspension letter which served as a notice of separation from employment. Hall filed a grievance with his union, the Municipal Foremen and Laborer's Union, Local 1099 ("union"), but did not file a civil service appeal. Hall then filed his complaint with the trial court based upon discriminatory and disparate treatment upon violation of federal and state statutes.
 {¶ 4} On August 16, 2002, the City of Cleveland filed its motion for summary judgment. Hall then filed his brief in opposition to the motion for summary judgment on September 18, 2002. On October 11, 2002, the trial court granted the City's motion for summary judgment. Hall is now appealing from the trial court's granting of the motion for summary judgment.
 II. {¶ 5} Hall's first assignment of error states that "The Trial Court erred in granting Defendant-Appellee City of Cleveland's Motion for Summary Judgment."
 {¶ 6} The motion for summary judgment that the City filed presented three main arguments: (1) plaintiff failed to exhaust his administrative remedies; (2) plaintiff never sought accommodation from the City of Cleveland for any disability, nor did he suffer from a handicap or disability recognized under the Americans with Disabilities Act or R.C. 4112.01(A)(13); and (3) plaintiff was afforded all due process he was entitled to prior to his termination from employment.
 {¶ 7} This court finds the City's argument regarding the plaintiff's failure to fully exhaust his administrative remedies to have merit. In 1996, plaintiff was placed on an excessive absentee roster which classified him as malingering. When Hall was absent on January 22, 1997 and January 23, 1997, he had already progressed up through step three and was therefore subject to step four of the absence abuse policy which results in termination from employment[1]. Hall submitted a physician's note which only covered one day. Hall and his union representative attended a pre-disciplinary hearing on January 27, 1997 to discuss Hall's unexcused absence.
 {¶ 8} Hall and his union representative did not provide any further documentation to excuse plaintiff's absence[2]. After the hearing, Hall obtained a new doctor's excuse covering January 23, 1997; however, it specifically instructed the reader to disregard the previous certificate covering January 22, 1997[3]. Hall only provided a physician's certificate covering one of the two days he was absent and, having progressed to step four of the Absence Abuse Control Procedures, he was subsequently terminated. There is no record of Hall filing a grievance regarding his termination under the applicable collective bargaining agreement, or with the Civil Service Commission[4]. Furthermore, Hall states in his brief filed on January 6, 2003, with this court that "Plaintiff asserts that he filed a grievance with his union which has never been resolved and therefore did not file a civil service appeal."[5] Hall, by his own admission, has failed to exhaust the administrative remedies with his union. Moreover, Hall stated in his brief that he did not file a civil service appeal. The facts in the case sub judice fully establish that Hall has failed to exhaust all administrative remedies available to him.
 {¶ 9} If a labor contract sets forth a grievance procedure to be used in resolving disputes between an employer and an employee, common pleas courts have no subject matter jurisdiction unless the procedures are exhausted. Ladd v. New York Central Rd. Co. (1960), 170 Ohio St. 491,503; Goode v. Cleveland (Dec. 6, 1990), Cuyahoga App. No. 57632, unreported (citing Ladd v. New York Central RR. Co. (1960),170 Ohio St. 491, 503, 166 N.E.2d 231).
 {¶ 10} Furthermore, where a collective bargaining agreement provides for final and binding arbitration of grievances, the Public Employees Collective Bargaining Act, R.C. 4117.01, et seq., precludes an employee from seeking redress beyond the grievance process. Good v. Cityof Cleveland (June 12, 1997), Cuyahoga App. No. 71102, 1997 WL 327341 *2 unreported, citing Sherman v. Burkholder (Dec. 15, 1994), Cuyahoga App. No. 66600, unreported; McNea v. Cleveland (1992), 78 Ohio App.3d 123,127. The employer, the union, and the members of the union, are subject solely to that grievance procedure. Cook v. Maxwell (1989),57 Ohio App.3d 131, 134; Ohio Revised Code section 4117.10(A).
 {¶ 11} Hall was, at all relevant times, a municipal service laborer and a member of a union, the Municipal Foremen and Laborer's Union, Local 1099. This union has a collective bargaining agreement with the City of Cleveland[6]. The collective bargaining agreement provides for final and binding arbitration of grievances[7]. Hall has stated that he filed a grievance with his union which was not resolved. Furthermore, he stated that he did not file a civil service appeal. Hall has not exhausted the bargaining agreement's grievance procedures.
 {¶ 12} Therefore, the common pleas court lacks subject matter jurisdiction over Hall's claims. The City's first assignment of error is sustained.
 III. {¶ 13} The plaintiff-appellant's second assignment of error states, "The Trial Court erred in not finding that the Defendant-Appellee City of Cleveland treated Plaintiff disparately due to his disability in violation of 4112.02."
 {¶ 14} The plaintiff-appellant's third assignment of error states that "The Trial Court erred in not finding that the Defendant-Appellee City of Cleveland violated public policy by tortiously discharging Plaintiff-Appellant from his employment while he was under a disability but not be able to satisfy all the statutory requirements of R.C. 4112.02
and/or R.C. 4112.99."
 {¶ 15} The plaintiff-appellant's fourth assignment of error states that "The Trial Court erred in not finding that the Defendant-Appellee City of Cleveland violated public policy by tortiously discharging Plaintiff-Appellant from his employment without apprising him of his rights and entitlements under the Family Medical Leave Act of 1993,29 U.S.C. § 2601, et seq."
 {¶ 16} The plaintiff-appellant's fifth assignment of error states that "The Trial Court erred in not finding Defendant-Appellee City of Cleveland violated the Fourteenth Amendment of the United States Constitution by interfering with the plaintiff-appellant's right to continued employment and to unbiased procedural and substantive due process."
 {¶ 17} The disposition of the appellant's first assignment of error renders the trial court without subject matter jurisdiction. The subsequent assignments of error are moot and will not be addressed. App.R. 12(A)(1)(c).
Appeal dismissed.
JAMES J. SWEENEY, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] Under the City of Cleveland Policies and Procedures Manual, Section C-16, "Sick/Absence Abuse Control Procedures," there is a four-step procedure that is followed regarding absences. Under the policy, an employee who exhibits absence abuse is required to document each absence after the first incident immediately upon returning to work. Step one, following the first incidence of abuse, the employee must provide a physician's certificate immediately upon his/her return to work; he/she is given a written warning and is subject to further discipline within the following nine-month period. Step 2, the employee is given a second warning letter and, as a result, a new nine-month period begins to run. Step three results in a five-day suspension and the nine-month period starts over. Step four results in termination from employment.
[2] See Affidavit of Ollie T. Shaw, Deputy Commissioner of the Division of Water Pollution Control, paragraphs 11 and 12.
[3] See Affidavit of Ollie T. Shaw, paragraph 13, copy of certificate is attached to the affidavit and authenticated at paragraph 21.
[4] Affidavit of Ollie Shaw, paragraph 19.
[5] See pages two and three of Appellants brief, filed with this court on January 6, 2003.
[6] See Defendant's Addendum Two attached to the Motion for Summary Judgment — Collective Bargaining Agreement Between the City of Cleveland and Local 109, Municipal Foremen and Laborer's Union.
[7] See Defendant's Addendum Two Collective Bargaining Agreement Article XXVII — Grievance Procedure. Under the agreement a grievance is defined as: "* * * an alleged violation of this Contract by the City, reduced to writing, with regard to its interpretation or application, including any and all disciplinary actions." (Emphasis added). The Agreement states further that: "(106) Step 1. In those disputes or differences between the City and an employee involving disciplinary suspensions, discharges, and/or other disciplinary action shall be appealed exclusively through the grievance procedure as set forth in this contract. An employee who has a grievance must submit it in writing to his commissioner or appointing authority within seven (7) calendar days after the event giving rise to such grievance * * *." Collective Bargaining Agreement, paragraph 106, at pp. 37-38.