JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Luke Davis, Sr. appeals the trial court's decision granting summary judgment in favor of the City of Cleveland. Davis assigns the following error for our review:
 "Whether the lower court committed error finding that the secretary of police could resolve a wage dispute through the civil service commissioner or police union and that such claim was time barred by the statute of limitations."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On May 1, 1977, Davis became a police officer with the City of Cleveland, Department of Public Safety. On May 17, 1994, the Director of Public Safety appointed Davis to the position of Secretary of Police. Davis remained in the position of Secretary of Police until his retirement on August 1, 2001.
 {¶ 4} In 1994, when Davis was appointed Secretary of Police, he was paid $54,499.90 per year, which was below the pay range of $56,490 to $56,990.00, for Captains of Police. In the years 1995, 1996, and 1997, Captains of Police received a pay increase, but Davis did not. In December 1998, Davis received a pay increase of three percent (3%), which brought his annual base pay to $56, 135.04, but below the pay range of $63,020.10 to $63,520.10, for Captains of Police. At the time of his retirement as Secretary of Police, Davis' annual pay rate remained below the range for Captains of Police. *Page 4 
 {¶ 5} At the time of his retirement, the City of Cleveland paid Davis a total of $71,344.61 for unused vacation time, compensatory time, and one-third of Davis' unused sick time.
 {¶ 6} On May 16, 2006, Davis filed a complaint against the City of Cleveland for back pay and accounting with applicable interest. In his complaint, Davis alleged that the City of Cleveland breached the employment contract by failing to compensate him at the pay rate of a Captain of Police. Davis also alleged that as a result of the city's breach, he lost income, in an amount to be determined by the court, from May 17, 1994 to August 1, 2001.
 {¶ 7} On September 26, 2006, the City of Cleveland filed a motion for summary judgment. On November 2, 2006, the trial court granted the City of Cleveland's motion for summary judgment.
 Summary Judgment {¶ 8} In his sole assigned error, Davis argues the trial court erred in granting summary judgment in favor of the City of Cleveland. We disagree.
 {¶ 9} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is *Page 5 
appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[3]
 {¶ 10} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 11} In granting the City of Cleveland's motion for summary judgment, the trial court made the following findings, stated in pertinent part as follows:
 "* * * The Court further finds that as a patrol officer, plaintiff was a public employee without the benefit of a contractual relationship with his employer. The plaintiff's only available remedy under the collective bargaining agreement between the City and the Cleveland Patrolmen's Association was to file a grievance. In the alternative, plaintiff could have requested a hearing with the Civil Service Commission. As the *Page 6 
plaintiff failed to file a grievance or request a hearing, he did not exhaust his administrative remedies. Moreover, plaintiff's claim is time barred by the statute of limitations."[6]
 {¶ 12} Notwithstanding the trial court's findings, Davis argues that as Secretary of Police, he was no longer a patrol officer, and as such, he was unable to avail himself of the administrative remedies outlined in the collective bargaining agreement between his union, the Cleveland Police Patrolmen's Association ("CPPA") and the City of Cleveland. We are not persuaded.
 {¶ 13} R.C. 124.51, which deals with the position of Secretary of Police, provides as follows:
 "In any city which by action of its legislative authority establishes the position of secretary of police or the position of secretary of fire, neither such position, if filled by a member of the uniform rank by assignment, shall be subject to competitive examination, notwithstanding section 124.44 of the Revised Code. The status within the uniform ranks of such member while so serving in such assignment shall remain unchanged and, notwithstanding the compensation fixed for such position, he shall not acquire any right to promotion other than such rights to promotion which apply to the rank held at the time of assignment."
 {¶ 14} Based on a clear reading of R.C. 124.51, during Davis' tenure as a Secretary of Police, his status as a patrol officer remained unchanged. As a patrol officer, Davis came within the purview of the collective bargaining agreement between the CPPA and the City of Cleveland. Thus, as a member of the union, Davis was required to resolve the wage discrepancy through the grievance *Page 7 
procedure outlined in the collective bargaining agreement between the CPPA and the City of Cleveland.[7]
 {¶ 15} The record indicates that the collective bargaining agreement between the CPPA and the City of Cleveland contains a Grievance Procedure, which provides in relevant part:
 "(41) The term `grievance' shall mean any dispute arising out of or connected with the subject matter of this Contract or the interpretation, application or enforcement of any of its terms.
 "* * *
 "Step 1. A grievance must be reduced to writing within seven (7) calendar days after the event or knowledge of the event giving rise to said grievance.[8]
 {¶ 16} As the record before us indicates, Davis failed to avail himself of the Grievance Procedures outlined in the collective bargaining agreement in effect between the CPPA and the City of Cleveland. The law is well-settled that when a labor contract sets forth a grievance procedure to be used in resolving disputes between an employer and an employee, these procedures must be exhausted prior to resorting to the courts.[9] Here, Davis having failed to first avail himself of the *Page 8 
Grievance Procedure in order to resolve the pay discrepancy, Davis deprived the trial court of subject-matter jurisdiction.[10]
 {¶ 17} Davis also argues that as Secretary of Police he was an unclassified civil servant, and was unable to avail himself of a hearing before the Civil Service Commission. We are not persuaded.
 {¶ 18} In McNea v. City of Cleveland,[11] (McNea I) we held that the position of Secretary of Police is a classified civil service position. Further, in McNea v. Cleveland,1[12] (McNea II) we held that a Secretary of Police, with a grievance, was required to exhaust his administrative remedies by filing an appeal with the Civil Service Commission. Consequently, given our previous rulings, Davis should have appealed the wage discrepancy to the Civil Service Commission, thereby permitting the commission to enter an order from which an appeal could then be taken to the common pleas court.
 {¶ 19} Exhaustion of administrative remedies requires a person to exhaust the statutory administrative remedies before seeking redress from the judicial system.[13] *Page 9 
The purpose of the doctrine of exhaustion of administrative remedies is to prevent premature interference with the administrative processes.[14]
 {¶ 20} We conclude that there are no questions of material fact. Davis' status as a patrol officer remained unchanged after he became a Secretary of Police, thus he fell within the scope of the collective bargaining agreement between the CPPA and the City of Cleveland. Davis could have availed himself of the Grievance Procedure outlined in the collective bargaining agreement, but failed to do so.
 {¶ 21} We also conclude, based on our previous decisions inMcNea I and II, that as Secretary of Police, Davis was a classified civil servant, thus could have requested a hearing before the Civil Service Commission.
 {¶ 22} We further conclude that Davis, a former Secretary of Police, was a public employee, therefore he did not have a contractual relationship with the City of Cleveland. It has been called a "universal rule" that a public employee does not hold his office ex contractu that is, pursuant to contract in the sense of an agreement or bargain between him and the public, but ex lege, as a matter of law, or pursuant to statute.[15] Therefore, Davis' employment with the City of Cleveland was at-will.
 {¶ 23} Nonetheless, Davis cites Chubb v. Ohio Bureau of Workers'Comp.1[16] to support his argument that he had a contractual relationship with the City of *Page 10 
Cleveland. However, Davis' reliance on Chubb is misplaced. InChubb, the court held that an employment at-will relationship may be altered by express or implied contract.[17] Clearly, acknowledging that the plaintiff's employment was at-will, the Chubb court concluded that the employment relationship could be modified by the parties.
 {¶ 24} Further, since Davis' employment with City of Cleveland was at-will and not by contract, the statute of limitations relating to contracts does not apply. R.C. 2305.09(D), which sets forth a general limitations period for tort actions not specifically covered by other statutory sections, provides in pertinent part as follows:
 "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14
of the Revised Code."
 {¶ 25} Pursuant to R.C. 2305.09(D), Davis' claim should have been brought within four years after the cause accrued. The record indicates that Davis retired in 2001, but did not commence his lawsuit until 2006, therefore the four-year statute of limitations in R.C. 2305.09(D) acts as a bar to Davis' claims.
 {¶ 26} Consequently, the trial court properly granted summary judgment in favor of the City of Cleveland. Accordingly, we overrule Davis' sole assigned error.
 Judgment affirmed. *Page 11 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANN DYKE, J., CONCUR.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] Journal Entry, November 2, 2006.
[7] CPPA Collective Bargaining Agreement, Page 2.
[8] CPPA Collective Bargaining Agreement, Page 43.
[9] Ladd v. New York Central Rd. Co. (1960), 170 Ohio St. 491, 503;Farrar v. Modern Tool and Die (March 23, 1989), Cuyahoga App. No. 55154.
[10] Goode v. Cleveland (Dec. 6, 1990), Cuyahoga App. No. 57632
[11] (Nov. 21, 1990), Cuyahoga App. No. 59698.
[12] (1992), 78 Ohio App.3d 123.
[13] Basic Distrib. Corp. v. Ohio Dep't of Taxation,94 Ohio St.3d 287, 2002-Ohio-794; Noernberg v. Brook Park (1980),63 Ohio St.2d 26.
[14] Nemazee v. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109,111.
[15] See Cook v. Maxwell (1989), 57 Ohio App.3d 131, Fuldauer v.Cleveland (1972), 32 Ohio St.2d 114; State, ex rel. Gordon, v.Barthalow (1948), 150 Ohio St. 499, Jackson v. Kurtz (1979),65 Ohio App.2d 152.
[16] 115 Ohio Misc.2d 1.
[17] Id., citing Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 103. *Page 1