THE STATE, EX REL. PENNINGTON, APPELLANT, *v.*
ROSS, APPELLEE.

[Cite as State, ex rel. Pennington, v. Ross (1980),
63 Ohio St. 2d  58.]

(No. 80-161—Decided July 2, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. James E. Melle* and *Mr. Howard B. Abramoff,* for appellant.

*Mr. Gordon Bevins,* prosecuting attorney, for appellee.

*Per Curiam.* The appellate court held that (1) those employed under E.E.A. (such as relator) do not acquire civil service status, at least as classified service employees, under the Ohio scheme of civil service irrespective of the fact that, if regularly employed, such status would attach; and (2) since the relator was not in the classified civil service as a matter of law, it necessarily follows that the order of the State Personnel Board of Review was one entered beyond the jurisdiction of that body.

Of crucial importance here is the fact that the appellate court permitted the respondent to collaterally attack the holding of the board over the strenuous objection of relator who maintains that that issue is *res judicata.*

The principal authority for relator's position is found in *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263. In that case, several employees appealed their discharge by the Lake County engineer to the State Personnel Board of Review

which ordered them reinstated. An appeal to the Court of Common Pleas was dismissed for lack of subject-matter jurisdiction. In a subsequent mandamus proceeding by the employees, the Court of Appeals sustained a demurrer to the complaint upon the basis that the employees were not in the classified service. In reversing, this court found that due to the failure of the respondent to make a timely appeal from the decision of the board or the dismissal by the trial court the matter is *res judicata* and not subject to collateral attack. This decision is bolstered by this court's subsequent decision in *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47.

However, this court refused to apply *Bingham, supra,* in *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, and allowed the appointing authority to raise the defense that the board abused its discretion in reversing a layoff of an employee for lack of funds where the appointing authority had no right of appeal from the order of the board.

The Court of Appeals below reasoned, and this court agrees, that the relator is more nearly in the position of the appointing authority in *Ogan, supra,* than in *Bingham* or *Stough, supra,* since the appellate court had previously effectively precluded respondent from raising these issues. The prior holding of the appellate court that an appeal would not lie from the State Personnel Board of Review to the Court of Common Pleas, and the reversal of the trial court's decision in that court, effectively placed respondent in the same position as the appointing authority in *Ogan* v. *Teater, supra,* who was precluded by law from appealing the board's order.

Thus, the jurisdictional defense urged by respondent can be raised in this proceeding. A review of the purposes of E.E.A. and the Comprehensive Employment and Training Act of 1973, and decisions of courts of other jurisdictions indicates that employment under either of these Acts does not accord tenure under state civil service laws. See *DeLarmi* v. *Fort Lee* (1975), 132 N.J. Super. 501, 334 A. 2d 349; *White* v. *Paterson* (1975), 137 N.J. Super. 220, 348 A. 2d 798; *Ragner* v. *Zielke* (1979), 86 Wis. 2d 542, 273 N.W. 2d 304; *Gooley* v. *Conway* (C.A. 8, 1979), 590 F. 2d 744. We agree.

Relator not being in the classified civil service, the appellate court correctly concluded that the order of the board

was beyond its subject-matter jurisdiction under R. C. 124.03, which confines the board to "***hear[ing] appeals***of employees in the classified state service from final decisions of appointing authorities***."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.