THE STATE, EX REL. WITSAMEN, APPELLANT, *v.*
MAUMEE VALLEY GUIDANCE CENTER, INC., APPELLEE.

[Cite as State, ex rel. Witsamen, *v.*
Maumee Valley Guidance Center, Inc. (1983), 6 Ohio St. 3d 26.]

(No. 82-1123—Decided July 13, 1983.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, James E. Melle Co., L.P.A., Mr. James E. Melle* and *Ms. Brenda B. Alleman,* for appellant.

*Sanford, Fisher, Fahey, Boyland & Schwarzwalder Co., L.P.A.,* and *Mr. Richard P. Fahey,* for appellee.

*Per Curiam.* Appellant seeks to collaterally attack the judgments of the court of common pleas and court of appeals. Appellant contends that the judgments are void and subject to collateral attack because the Franklin County courts lacked subject matter jurisdiction over the appeal.

In support of this argument appellant relies on our decision in *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102 [18 O.O.3d 345], wherein we held that an appeal from a decision of the State Personnel Board of Review involving the removal or reduction in pay for disciplinary reasons, of a member of the classified civil service, must be brought in the court of common pleas of the county in which the employee resides.

Our decision in *Davis* would have supported an argument that the appeal from the State Personnel Board of Review was erroneously brought in

Franklin County had that argument been raised on appeal, as it was in *Davis.* However, appellant's claim that the courts erroneously deviated from the prescribed statutory procedure does not amount to a claim that they lacked subject matter jurisdiction.

" '[J]urisdiction is a matter of power and covers wrong as well as right decisions. * * *

" 'However, every wrong decision, even by an administrative body, is not *void* as being beyond the so-called jurisdiction of the tribunal, even though *voidable* by proper judicial process. Logic compels the conclusion that this is true where a specifically prescribed course of immediate judicial review or judicial examination is provided within the same act, for the relief of those persons claimed to be aggrieved by illegal or improper action of an administrative tribunal, especially where such persons fail to take advantage of the specific judicial review or examination so provided.' " *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47, 50 [4 O.O.3d 116], quoting *Garverick* v. *Hoffman* (1970), 23 Ohio St. 2d 74, 79 [52 O.O.2d 371].

Appellant perfected an appeal to the court of appeals but failed to pursue his right of appeal to this court. Therefore, the judgment of the court of appeals is final and the claims of error raised by appellant herein are barred by the principle of *res judicata. State, ex rel. Henderson,* v. *Civil Service Comm.* (1980), 63 Ohio St. 2d 39, 41 [17 O.O.3d 24]; *State, ex rel. Stough,* v. *Bd. of Edn., supra; State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263, 264 [35 O.O.2d 424].

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.