Laphonso WILLIAMS, Mary Ann Sims,
Samuel Woods, Walter J. Teasley,
Jr., Petitioners,

v.

CITY OF CINCINNATI, OHIO, and
United States Department of
Labor, Respondents.

No. 83–3043.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 17, 1984.

Decided March 14, 1984.

Michael O'Hara (argued), Legal Aid Society of Cincinnati, Cincinnati, Ohio, Robert F. Laufman, Cincinnati, Ohio, for petitioners.

Lafayette S. Rose (argued), U.S. Dept. of Labor, Washington, D.C., William M. Gustavson (argued), Asst. City Sol., Cincinnati, Ohio, for respondents.

Before LIVELY, Chief Judge, KENNEDY, Circuit Judge, and TAYLOR, District Judge.*

PER CURIAM.

Petitioners Laphonso Williams, Mary Ann Sims, Samuel Woods, and Walter Teasley, Jr. were employed by the City of Cincinnati, Ohio (City) as Public Service Employment (PSE) participants under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. § 801 *et seq.*[1] The City acted as a Prime Sponsor under CETA and administered the PSE program. The petitioners were discharged for failure of probation upon transfer to classified Civil Service jobs. Petitioners filed administrative complaints alleging violations of CETA. The Administrative Law Judge (ALJ) found for the City and we affirm.

Williams worked as a laborer, Sims as a clerk-typist, and Woods and Teasley worked for the Cincinnati Recreation Department. Each of the petitioners successfully completed a probationary period in the PSE program. Williams remained at his PSE job for two years, Sims for eight months, Woods for four years and eight months, and Teasley for four and a half years. At the end of these periods as PSE employees each of the petitioners passed the Civil Service examination and was transferred into classified Civil Service employment for the City. For Williams and Sims this meant continuing the same jobs they had been performing. Woods and Teasley were transferred from jobs in the Recreation Department to similar jobs in the Waste Collection Department and Water Works Department, respectively.

Upon transfer to the Civil Service each petitioner was required to serve a probationary period as a classified employee, pursuant to Ohio Rev.Code § 124.27[2] and Rule X of the Civil Service Rules of the City of Cincinnati. Each petitioner was discharged during the second half of his or her probationary period for "failure of probation." As Civil Service employees discharged during the second half of probation, petitioners had no Civil Service appeal rights to contest their discharge.

■ Petitioners argue that the City, as Prime Sponsor, failed in its duty to review its own job entrance requirements in order to remove "artificial barriers," such as the Civil Service probationary period, to unsubsidized employment for the City. CETA provides, at 29 U.S.C. § 823(a)(4), that "[p]rograms shall contribute, to the maximum extent feasible, to the elimination of artificial barriers to employment and occupational advancement." "Artificial barrier" is defined at 29 U.S.C. § 802(3) as:

limitations in the hiring, firing, promotion, licensing, and other terms and conditions of employment which are not directly related to an individual's fitness or ability to perform the duties required by the employment position.

The applicable regulation, 20 C.F.R. § 675.4 (1979), further defines "artificial barrier" as:

limitations (such as: age, sex, race, national origin, parental status, credential requirements, criminal record, lack of

---

* Honorable Anna Diggs Taylor, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Repealed by Pub.L. No. 97-300, Title I, § 184(a)(1), 96 Stat. 1357 (1982).

2. The section provides, *inter alia:*

All original and promotional appointments including provisional appointments made pursuant to section 124.30 of the Revised Code, shall be for a probationary period, not less than sixty days nor more than one year, to be fixed by the rules of the director ....

child care, physical or mental status and absence of part-time or alternative working patterns/schedules) in hiring, firing, promotion, licensing, and conditions of employment which are not directly related to an individual's fitness or ability to perform the tasks required by the job.

Petitioners further charge that the Secretary of Labor failed in his duty under 29 U.S.C. § 824(f) to:

assure that prime sponsors have undertaken, or will undertake ... where feasible, revisions of qualification requirements at all levels of employment, including civil service requirements and practices relating thereto ... with a view toward removing artificial barriers to public employment ... of those whom it is the purpose of this chapter to assist.

Each petitioner filed a CETA administrative complaint under 29 U.S.C. § 816 with the Complaints Resolution Unit of the City of Cincinnati, Employment and Training Division, asking for reinstatement into the Civil Service with back pay. The Complaints Resolution Unit found no violations of CETA or the regulations. This decision was reversed on appeal by the Complaints Resolution Hearing Board, which found that the City had failed to remove artificial barriers to employment with the City. The City Manager did not follow the Board's decision, however, and so the petitioners appealed to the United States Department of Labor. The Grant Officer found no CETA violations. Finally, the ALJ entered a decision finding no CETA violations. He found that although the City had a duty to remove artificial barriers to public employment, the Civil Service probationary period was not such a barrier.

The question for decision is whether the Civil Service probationary period constitutes an "artificial barrier" to public employment within the meaning of 29 U.S.C. § 823(a)(4) or § 824(f), which the City was obligated to remove.

The ALJ found that the probationary period was "directly related to the individual's ability to perform the duties of the Civil Service position," and consequently was not an artificial barrier under CETA or the regulations. Petitioners argue that the probationary period is not related to ability to perform the work. They contend that the Civil Service probationary period is redundant, as each petitioner had already successfully completed a probationary period under PSE, and the second period could reveal no more about ability to do the job than the first period. We disagree. The two probationary periods concern different jobs in the sense of requisite ability and responsibility. CETA was enacted explicitly to enable economically disadvantaged persons to secure and retain employment, 29 U.S.C. § 841, and the City may further that purpose by using special criteria for judging the acceptability of a CETA employee's job performance. Even though the petitioners held the same or similar jobs as CETA–PSE and later as Civil Service employees, the City is entitled to apply different standards in assessing the performance of a CETA–PSE employee and a Civil Service employee during a probationary period.

■ Petitioners argue that by requiring them to go through the Civil Service probationary period the City violated 29 U.S.C. § 824(k). That section requires that employers provide to their CETA employees benefits and working conditions "at the same level and to the same extent as other employees working a similar length of time, doing the same type of work, and similarly classified."

Petitioners contend that their CETA probationary periods should have been substituted for the Civil Service requirement and that they were denied a benefit accorded to Civil Service employees. But although the CETA employees were engaged in the same or similar work as Civil Service employees, presumably for comparable periods of time, they were not similarly classified until they became Civil Service employees. *See State, ex rel. Pennington v. Ross,* 63 Ohio St.2d 58, 407 N.E.2d 7 (1980) (employment under Emergency Employment Act of 1971 or CETA does not accord tenure under state Civil Service law). At

that time they were simply required to serve the same probationary period as other Civil Service employees.

■ Petitioners also argue that the City violated their right to equal protection under the fourteenth amendment. They argue that the City has denied them equal protection because it does not require any other category of employee to serve two probationary periods for the same or similar jobs. If appellants had been hired as regular or classified provisional Civil Service employees, they point out, they could have been transferred without serving additional probationary periods. Or, if petitioners had been classified Civil Service employees, then transferred to unclassified service, and, within a time limit, returned to the same classified positions they would not have had to serve a second probationary period.

However, petitioners ignore the fact that as CETA employees they were not in the Civil Service, and—unlike in the above hypothetical situations—never served a first period of probation as classified Civil Service employees. Consequently, petitioners were not denied benefits accorded to other similarly situated city employees.

We conclude that the City did not violate CETA or deny petitioners equal protection by requiring them to go through a probationary period as classified Civil Service employees. Accordingly, the judgment of the ALJ, which became the Secretary's decision, is affirmed.