THE STATE, EX REL. CLEVELAND ET AL., APPELLANTS, *v.* CITY OF COLUMBUS, DEPARTMENT OF COMMUNITY SERVICES, ET AL., APPELLEES.

[Cite as State, ex rel. Cleveland, *v.* Columbus Dept. of Community Services (1986), 23 Ohio St. 3d 47.]

(No. 85-495—Decided April 9, 1986.)

*Jones & Thompson Co., L.P.A.,* and *H. Lee Thompson,* for appellants.

*Gregory S. Lashutka,* city attorney, and *Barbara A. Gates,* for appellees.

*Per Curiam.* Appellants claim entitlement to reinstatement with back pay in accordance with the order of the civil service commission. Appellees contend that the civil service commission had no jurisdiction to enter that order and it is therefore void. The court of appeals agreed and held that this mandamus action was the proper forum to collaterally attack that judgment. Appellants contend that the order of the civil service commission was entered with jurisdiction, was final, and any further action to contest that decision is barred by principles of *res judicata.* Appellants rely on *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47 [4 O.O.3d 116], for the proposition that the commission's order is not subject to collateral attack in this proceeding. In *Stough,* however, the court concluded that no lack of jurisdiction had been claimed, but only an error in determining eligibility. Similarly, in *State, ex rel. Witsamen,* v. *Maumee Valley Guidance Center, Inc.* (1983), 6 Ohio St. 3d 26, which followed *Stough,* the court stated that the claimed lack of jurisdiction was hypothetically error only. *Id.* at 27. In both of those cases, relators had failed to pursue an appeal which was available to them by statute. In the case at bar, appellees did appeal the order of the civil service commission.

Directly on point, however, is *State, ex rel. Pennington,* v. *Ross* (1980), 63 Ohio St. 2d 58 [17 O.O.3d 36]. That case involved a county employee whose job was funded under the Emergency Employment Act of 1971. He was discharged and appealed his removal to the State Personnel Board of Review. The board accepted jurisdiction of his appeal and ordered his reinstatement. The court of common pleas reversed the order of the board, and the court of appeals reversed the common pleas court finding

that it had no jurisdiction to consider the appeal. The employee, like appellants herein, then filed an action in mandamus to compel his reinstatement in accordance with the board's order. The appointing authority defended, claiming that the board lacked jurisdiction to enter the order. This court held that it was a proper forum to collaterally attack the judgment and that CETA employees were not members of the civil service, stating at 60-61:

"* * * The prior holding of the appellate court that an appeal would not lie from the State Personnel Board of Review to the Court of Common Pleas, and the reversal of the trial court's decision in that court, effectively placed respondent in the same position as the appointing authority in *Ogan* v. *Teater* * * * [(1978), 54 Ohio St. 2d 235] who was precluded by law from appealing the board's order.

"Thus, the jurisdictional defense urged by respondent can be raised in this proceeding. A review of the purposes of E.E.A. and the Comprehensive Employment and Training Act of 1973, and decisions of courts of other jurisdictions indicates that employment under either of these Acts does not accord tenure under state civil service laws. See *DeLarmi* v. *Fort Lee* (1975), 132 N.J. Super. 501, 334 A. 2d 349; *White* v. *Paterson* (1975), 137 N.J. Super. 220, 348 A. 2d 798; *Ragner* v. *Zielke* (1979), 86 Wis. 2d 542, 273 N.W. 2d 304; *Gooley* v. *Conway* (C.A. 8, 1979), 590 F. 2d 744. We agree.

"Relator not being in the classified civil service, the appellate court correctly concluded that the order of the board was beyond its subject-matter jurisdiction under R.C. 124.03, which confines the board to '* * * hear[ing] appeals * * * of employees in the classified state service from final decisions of appointing authorities * * *.' "

The provisions of the Columbus City Charter at issue herein are comparable to the state civil service laws held controlling in *State, ex rel. Pennington.* Section 149-1 of the Columbus City Charter defines the jurisdiction of the city's civil service commission and provides in relevant part:

"Except as otherwise provided in this charter any employee of the City of Columbus *in the classified service,* who is suspended, reduced in rank or compensation or discharged * * * may appeal from such decision or order therefor, to the Civil Service Commission * * *." (Emphasis added.)

Based on *State, ex rel. Pennington,* we hold that appellants, as CETA employees, were not in the civil service and the commission had no jurisdiction to hear their appeals. In view of this holding it is irrelevant that appellants were terminated for non-disciplinary reasons.

Appellants also suggest that they were in the civil service at the time of their discharge because they were employed by the city in other capacities before they received the CETA appointments. However, there was no evidence that they took civil service exams and were appointed to civil service positions. Rather, their depositions indicate their earlier jobs

were also federally funded positions. In any event, this would not affect the finding that the CETA positions from which they were terminated were not in the civil service.

Appellants' remaining arguments relate to their claimed entitlement to reinstatement, and amounts of back pay, benefits and attorney fees. Because we find the question of jurisdiction dispositive, we need not address these issues.

Accordingly, the judgment of the court of appeals is affirmed for the reason that appellants were not civil service employees.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.