[THE STATE, EX REL.] FENTON ET AL., APPELLANTS, *v.* DEPARTMENT OF HUMAN SERVICES ET AL., APPELLEES.

[Cite as *State, ex rel. Fenton, v. Dept. of Human Serv.* (1992), 63 Ohio St.3d 481.]

(No. 90–1481—Submitted November 19, 1991—Decided April 8, 1992.)

*Jones, Sheridan & Jump Co., L.P.A.,* and *John S. Jones,* for appellants.

*Ronald J. O'Brien,* City Attorney, and *Maria J. Armstrong,* for appellees.

*Per Curiam.* Appellants argue that they are permanent employees of the city, in the classified service of the city, and entitled to civil service protection, despite the source of funding for their positions. Appellees maintain that CETA administrative employees are not in Columbus' classified civil service. We find for appellants.

In *State, ex rel. Cleveland, v. Columbus Dept. of Community Services* (1986), 23 Ohio St.3d 47, 23 OBR 123, 491 N.E.2d 304, we held that CETA technical assistance and manpower placement officers, employed by the city of Columbus, were not in the classified service because Columbus paid them with federal funds. We surmised that they had not taken civil service examinations and had always held federally funded positions. Since only employees in the classified service could appeal to the civil service commission, we refused to compel their reinstatement. However, after considering the instant case, we overrule *Cleveland* to the extent inconsistent with this case.

The *Cleveland* court cited *State, ex rel. Pennington, v. Ross* (1980), 63 Ohio St.2d 58, 17 O.O.3d 36, 407 N.E.2d 7, which held that the Emergency Employment Act and CETA do not provide civil service tenure. We conclude, however, that these federal funding Acts do not, by themselves, provide civil service tenure, but that the public employer, under local law, can.

In the four cases cited in *Pennington* and *Cleveland—DeLarmi v. Ft. Lee* (1975), 132 N.J.Super. 501, 334 A.2d 349; *White v. Paterson* (1975), 137 N.J.Super. 220, 348 A.2d 798; *Ragner v. Zielke* (1979), 86 Wis.2d 542, 273 N.W.2d 304; and *Gooley v. Conway* (C.A. 8, 1979), 590 F.2d 744—the employees held temporary positions and either sought a permanent position or protection as if a permanent employee. Appellants in the instant case, on the other hand, hold permanent appointments and seek the protection provided permanent employees.

In *Richley v. Youngstown Civil Serv. Comm.* (1984), 9 Ohio St.3d 15, 17–18, 9 OBR 64, 65–66, 457 N.E.2d 829, 831–832, however, we held that federal funding for the employment of city employees does not change " * * * the local character of the [city] agency and cannot conceal the extensive control the city has over every phase of the CDA [Community Development Agency] workers' employment. Most importantly, however, CDA employees are implicitly included in the classified service under the city's own home rule charter. Inasmuch as the evidence presented at trial clearly established that CDA employees are city employees, appellees are entitled to permanent civil

service status under R.C. 124.271." Thus, we included employees, whose employment was funded with federal money, in the civil service because the city's charter included those employees in such service.

In the instant case, Section 148 of the Columbus City Charter divides the civil service into unclassified and classified service. The unclassified service includes elected officers, directors of the departments, appointed board members, certain other city officials, and their secretaries and assistants. The classified service, on the other hand, includes all remaining positions, without restriction. Thus, according to Columbus' Charter, appellants are in the classified service.

We conclude, also, that appellants have taken civil service examinations. Columbus appointed them, under Municipal Civil Service Commission Rule X, from an eligible list, and, under commission Rule VIII, the commission could prepare an eligible list only after administering open, competitive examinations.

Furthermore, civil service coverage is compatible with federally funded programs. Columbus Municipal Civil Service Commission Rule II(C) provides:

"*Positions Covered by the Rules.* Except as otherwise provided herein and the Charter, these Rules shall apply to positions and employees in the classified service. Employees appointed to, and positions created by a program developed and funded under federal legislation shall be covered by these Rules where these Rules are not in conflict with the federal legislation and guidelines. In the event these Rules conflict with the federal legislation and/or guidelines, the federal legislation and/or guidelines shall control."

Moreover, under federal regulations, permanent CETA employees can be "separated" from employment, Section 900.606–1(a), Title 5, C.F.R., but the local government must provide the employee with the right to appeal, Section 900.607–3(a), Title 5, C.F.R. Furthermore, CETA complaint procedure, stipulated to as available to appellants and alluded to by appellees as indicative of appellants' lack of civil service status, is not an exclusive remedy. Appellants can seek a local law remedy if a local law is violated, without exhausting CETA complaint procedure. Section 676.81(c), Title 20, C.F.R. Therefore, CETA may not provide civil service tenure, but Columbus' Charter does.

Accordingly, appellees shall reinstate appellants and permit them to exercise their bumping rights under commission Rule XII(C). Finally, appellants may receive back pay if they establish, on remand to the court of appeals, the amount recoverable with certainty. *State, ex rel. Rose, v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547.

The judgment of the court of appeals is reversed and remanded, and the writ of mandamus is allowed.

*Judgment reversed,*
*cause remanded*
*and writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.