THE STATE EX REL. SCHNEIDER, APPELLANT, *v.* BOARD OF EDUCATION OF NORTH OLMSTED CITY SCHOOL DISTRICT, APPELLEE.

[Cite as *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348.]

(No. 91–919—Submitted October 13, 1992—Decided December 14, 1992.)

*Francis X. Cook Co., L.P.A.,* and *Francis X. Cook,* for appellant.

*Squires, Sanders & Dempsey, Timothy J. Sheeran, Jeffrey J. Wedel* and *David K. Smith,* for appellee.

*Per Curiam.* Schneider argues that he could not have established back pay with certainty in the previous mandamus action because he had not yet been

reinstated. The board responds that the court of appeals could and did decide on back pay in the previous mandamus case and that, consequently, *res judicata* precludes Schneider from relitigating this issue here.

We have permitted a wrongfully excluded employee to obtain back pay in a mandamus action after he has been reinstated, *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462, *State ex rel. Hamlin v. Collins* (1984), 9 Ohio St.3d 117, 9 OBR 342, 459 N.E.2d 520, and (1981), 65 Ohio St.2d 63, 19 O.O.3d 259, 418 N.E.2d 398; we have also decided cases combining the two remedies in one mandamus action, *State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547, and *State ex rel. Fenton v. Dept. of Human Serv.* (1992), 63 Ohio St.3d 481, 589 N.E.2d 11. In the former cases, reinstatement was accomplished via appeal, and back pay could not be addressed in the appellate setting. Consequently, the court allowed mandamus. However, in the latter cases, reinstatement and back pay were both achieved through mandamus. Thus, the court of appeals could entertain both questions in one mandamus action.

Here, Schneider asked the court of appeals to decide the back pay question in the previous mandamus action, and the court complied. However, it decided the issue against Schneider, because he had not presented sufficient evidence to prove his claim. Schneider did not appeal this finding and, thus, faces defeat in this case for two reasons.

First, he had an adequate remedy at law—appealing the back pay decision. In *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558, we stated:

"The fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it."

Second, *res judicata* bars recovery. In *State ex rel. Witsamen v. Maumee Valley Guidance Ctr., Inc.* (1983), 6 Ohio St.3d 26, 6 OBR 22, 450 N.E.2d 1180, we held that failure to pursue an appeal in the underlying case prevents a collateral attack on the judgment in mandamus under *res judicata.*

Accordingly, we affirm the judgment to dismiss the complaint.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.