OPINION
This is a habeas corpus action in which petitioner, Frank A. Butcher, Jr., seeks his immediate release from the Lake Erie Correctional Institution. As the sole basis for his prayer for relief, petitioner asserts that his present incarceration is illegal because the trial court in the underlying criminal case has failed to give him proper jail-time credit for a period of time he allegedly served in a community-based correctional facility. For the following reasons, this court concludes that his habeas corpus petition does not state a viable claim.
In support of his prayer for relief, petitioner has made the following factual allegations: (1) in August 1997, petitioner was convicted in the Lorain County Court of Common Pleas of two offenses and was sentenced to an aggregate term of two years in a state prison; (2) after petitioner had served approximately seven months of his sentence, the Lorain court granted his motion for judicial release and suspended the remainder of his sentence; (3) as part of his community control, petitioner was ordered to complete an alcohol abuse program at a community-based correctional facility; (4) upon completing the program in July 1999, petitioner was released from the facility and remained free on judicial release until January 2000, when the Lorain court found him guilty of a violation of his community control; (5) as part of the violation judgment, the Lorain court ordered that petitioner be returned to prison to complete his original sentence and that he be given credit for time served; and (6) in March 2001, petitioner moved the Lorain court to award him an additional one hundred thirty-one days of jail credit, but the court overruled the motion in a separate judgment entry.
In arguing in his petition that he is now entitled to be released, petitioner asserts that the one hundred thirty-one days referenced in his motion before the Lorain court covered the time period in which he was in the community-based correctional facility, and that the Lorain court was obligated under Ohio law to give him jail-time credit for this period. He further asserts that if the Lorain court had given him the proper credit, he would have already served his two-year sentence and, accordingly, would be entitled to leave the prison.
As a general proposition, a writ of habeas corpus will lie only when a person's unlawful restraint is predicated upon a judgment which the trial court did not have jurisdiction to issue. Wilson v. Rogers (1993),68 Ohio St.3d 130, 131. As a result, a habeas corpus action cannot be employed to contest non-jurisdictional errors in a criminal proceeding, such as whether a double jeopardy violation has occurred. Id. The only exception to the foregoing rule is that the writ will be allowed when the unlawful restraint is based on a non-jurisdictional error for which there is no adequate legal remedy. State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 593.
In the instant case, petitioner has not raised any issue concerning the Lorain court's jurisdiction to proceed in the underlying matter. Instead, he merely asserts that the Lorain court erred in denying his motion for additional jail-time credit. Thus, the petition before this court can only state a viable claim if petitioner did not have an adequate legal remedy in regard to the credit issue.
In Heddleston v. Mack (1998), 84 Ohio St.3d 213, the petitioner brought a habeas corpus action after the trial court had denied his motion to recalculate his jail-time credit. In upholding the dismissal of the habeas corpus petition, the Supreme Court of Ohio held that the petition was not viable because the petitioner had an adequate remedy through an appeal of the denial of his motion to recalculate. See, also, King v.Mitchell (Aug. 15, 1997), Trumbull App. No. 97-T-0033, unreported, 1997 Ohio App. LEXIS 3666, in which this court held that a habeas corpus action cannot be used to challenge a trial court's calculation of jail-time credit.
In the instant case, petitioner argues that an appeal from the Lorain court's March 2001 judgment would not have constituted an adequate remedy under the facts of this case because the Lorain appellate court could not have rendered a decision before the "extra" one hundred thirty-one time period had already concluded. As to this point, this court would note that if petitioner had brought his motion for additional credit in a more timely manner, he would have had ample time in which to seek appellate review. When the Lorain court revoked petitioner's community control in January 2000, it did state in its judgment that petitioner should be given credit for time served; however, the court did not indicate how much credit petitioner should receive. Under these circumstances, petitioner should have immediately moved the Lorain court to make the calculation so that the dispute could be settled before the end of his prison term became near.
Instead of doing this, petitioner waited to file his motion for additional credit until his term, minus the disputed one hundred thirty-one days, was nearly completed. As a result, it was petitioner's own dilatory behavior which has made an appeal from the judgment of the Lorain court an "inadequate" remedy for petitioner's purposes in this case. In considering the "adequate remedy" element in the context of a mandamus action, the Supreme Court has held that the failure to pursue a possible remedy, such as an appeal, in a timely manner does not render the remedy inadequate for purposes of satisfying this element. See State exrel. Schneider v. Bd. of Edn. of North Olmsted City School Dist. (1992),65 Ohio St.3d 348, 350. Obviously, this logic would also be applicable to the "adequate remedy" element of a habeas corpus claim. Given that petitioner could have litigated the credit issue in an appeal from the Lorain court's judgment if he had filed his motion for additional credit immediately after his community control had been revoked, he cannot use a habeas corpus action as a substitute for using the appropriate procedure.
Pursuant to the foregoing analysis, this court concludes that, even when the allegations in the instant habeas corpus petition are construed in a manner most favorable to petitioner, those allegations readily indicate that petitioner cannot satisfy the basic elements of a habeas corpus claim. Thus, because petitioner has failed to state a viable claim for the requested relief, it is the sua sponte order of this court that the habeas corpus petition is hereby dismissed.