OPINION
{¶ 1} This action in mandamus is presently before the court for consideration of the motion to dismiss of respondent, the State of Ohio. As the primary grounds for this motion, respondent asserts that the petition of relator, Tony Olds, fails to state a viable claim for a writ because his allegations support the conclusion that he had an adequate legal remedy in which to raise certain underlying issues in this matter. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} In bringing the instant action, relator seeks the issuance of an order under which respondent would be required to take the necessary steps to obtain the vacation of his 2001 criminal conviction in the Ashtabula County Court of Common Pleas. In his mandamus petition, relator alleges that, in sentencing him to a prison term at the end of the underlying case, the trial court failed to state on the record the factors which it had considered in imposing sentences greater than the statutory minimum and consecutive sentences. Relator further alleges that, pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the trial court's failure to state its reasoning on the record constituted a prejudicial error. Based upon this, relator requests that his underlying criminal action should be reopened so that the trial court can hold a new sentencing hearing and then modify his sentence.
 {¶ 3} As an initial point, this court would indicate that, according to relator's own factual allegations, the Comer
decision was rendered approximately two years after his conviction became final. In considering the issue of the retroactive application of new case law, the Supreme Court of Ohio has stated that any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system. See State v. Evans (1972),32 Ohio St.2d 185, 187. However, once a conviction has become "final" because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case. See State v. Spaulding (Apr. 10, 1991), 9th Dist. No. 14710, 1991 Ohio App. LEXIS 1706.
 {¶ 4} In the instant action, relator has not alleged that he had an appeal pending before this court or the Supreme Court at the time the Comer decision was issued. As a result, even if a mandamus action can be used to require the State of Ohio to reopen a criminal proceeding, relator has failed to state a valid reason to warrant the reopening of his case because he is not entitled to have the Comer holding applied to the facts of his situation. Simply stated, the basic requirements of due process do not require that any subsequent changes in the law must be retroactively applied to cases which have already concluded.
 {¶ 5} More importantly, this court would note that, in challenging the propriety of the procedure the trial court followed during his sentencing hearing, relator is asserting a nonjurisdictional question which he could have raised in a direct appeal from his final conviction. As we have stated on numerous prior occasions, in order for a relator to be entitled to a writ of mandamus, he must be able to establish, inter alia, that there does not exist an alternative adequate legal remedy he could pursue. Hamilton v. Collins, 11th Dist. No. 2003-L-106, 2003-Ohio-5703. Under this requirement, a writ will not lie if the relator could obtain the same basic relief he seeks in the mandamus case through a distinct legal proceeding. State ex rel.Norris v. Watson, 11th Dist. No. 2001-P-0089, 2001-Ohio-3932. In considering this requirement in situations in which the relator has tried to use a mandamus action as a means of challenging his criminal conviction, we have held that a direct appeal from the conviction constitutes an adequate legal remedy which forecloses the issuance of a writ. Id.
 {¶ 6} In relation to this point, the Supreme Court has held that the prior failure of a relator to pursue a direct appeal does not alter the outcome of this analysis; i.e., the mere fact that the relator could have brought an appeal is sufficient to establish that the writ of mandamus cannot be issued because an adequate legal remedy existed. State ex rel. Schneider v. Bd. ofEdn. of North Olmsted City School District (1992),65 Ohio St.3d 348. The Schneider court emphasized that if a direct appeal could be rendered "inadequate" simply by the failure of the relator to pursue it, he would always ignore the appellate process and use a mandamus action as a substitute for an appeal.
 {¶ 7} In the instant action, if any prejudicial errors did take place when relator was sentenced in the underlying case, he could have challenged the propriety of the imposed prison term in a direct appeal from the conviction. Accordingly, even when the allegations in relator's mandamus petition are construed in a manner most favorable to him, they are still insufficient to show that he will be able to satisfy the "adequate legal remedy" element of a mandamus claim. Under these circumstances, the dismissal of relator's petition is warranted under Civ.R. 12(B)(6) because he has not stated a claim upon which the requested relief could be granted.
 {¶ 8} Pursuant to the foregoing legal analysis, respondent's motion to dismiss the mandamus petition is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
Ford, P.J., Grendell and Rice, JJ., concur.