OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Joseph R. Kainrad of the Portage County Court of Common Pleas. As the primary basis for this motion, respondent submits that the petition of relator, Thomas Maxwell, fails to state a viable claim for a writ because his own allegations support the conclusion that he is not entitled to have his sentence in an underlying criminal case vacated. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} As the factual foundation of his petition, relator has alleged that, as part of a criminal proceeding before respondent in November 1999, he entered a plea of guilty to three felony charges. Relator has further alleged that, after accepting the guilty plea, respondent sentenced him to three concurrent terms of three years on the underlying charges, and also ordered that this sentence be served consecutively to a term which had been imposed on relator in a separate criminal action in the Summit County Court of Common Pleas. In addition, relator has asserted that, in rendering his sentencing determination, respondent committed the following three errors: (1) he did not state his factual findings upon the record; (2) he failed to consider the proper factors in deciding whether to impose a sentence longer than the minimum possible term for each charge; and (3) he did not consider the proper factors in deciding that the Portage County terms should be served consecutively to the Summit County sentence. In relation to the first alleged error, he states that the Supreme Court of Ohio has indicated in State v. Comer
(2003), 99 Ohio St.3d 463, that the failure to set forth the necessary findings constitutes reversible error.
 {¶ 3} Based upon the foregoing, relator contends that, since respondent did not comply with the statutes governing sentencing in Ohio, he acted beyond the scope of his jurisdiction during the underlying action. Therefore, relator has requested this court to issue a writ under which respondent would be required to declare his original sentence void and render a new sentence in compliance with the present statutory scheme.
 {¶ 4} In support of his contention concerning the status of his sentence, relator cites the decision of the Supreme Court inState v. Beasley (1984), 14 Ohio St.3d 744. In that case, the defendant pled guilty to two counts of felonious assault. Even though the sentencing statutes in effect at that time required the imposition of a minimum two-year term for felonious assault, the trial court in Beasley did not impose any jail time as part of the original sentence. However, after the state had brought a mandamus action against him, the Beasley trial judge vacated the original sentence and then ordered the defendant to serve two concurrent terms of two to fifteen years. In appealing this new sentence, the defendant asserted that his constitutional right against double jeopardy had been violated. In rejecting this assertion, the Supreme Court held that the original sentence had been null and void because the trial judge had exceeded his authority by disregarding the statutory requirement of a minimum two-year term.
 {¶ 5} In Beasley, the trial judge acted beyond his jurisdiction by trying to impose a sentence which was not feasible under the sentencing scheme. In this case, relator has failed to allege that his sentence was not feasible under the present statutory scheme for sentencing. Instead, relator has only alleged in his petition that respondent erred by not imposing the minimum sentence for each of the three charges, and by ordering that the Portage County sentence be served consecutively to the Summit County sentence. To this extent, the allegations in the instant case are readily distinguishable from the facts in Beasley.
 {¶ 6} Furthermore, this court would note that it is well settled under the case law of this state that most sentencing errors cannot form the basis of a valid habeas corpus claim because such errors are not considered jurisdictional in nature and can be raised in a direct appeal from the conviction. SeeJohnson v. Bobby, 11th Dist. No. 2003-T-0181, 2004-Ohio-1075, citing Majoros v. Collins (1992), 64 Ohio St.3d 442. Because relator has failed to assert that respondent imposed a sentence which was not possible under the present sentencing scheme, any error by respondent was only procedural in nature. Thus, relator's allegations are legally insufficient to establish that his sentence should be declared void.
 {¶ 7} In regard to whether the Comer holding can be applied retroactively, this court would indicate that, since the Supreme Court's release of that decision in August 2003, other prisoners have brought mandamus actions in which they assert that the trial court in their underlying criminal cases did not make the proper findings on the record prior to sentencing. See Olds v. State,
11th Dist. No. 2003-A-0129, 2004-Ohio-1848; Wallace v. State,
11th Dist. No. 2004-T-0008, 2004-Ohio-2596. In Wallace, the prisoner sought a writ of mandamus to require the trial court to vacate his original sentence and then hold a new sentencing hearing. In dismissing the petition in Wallace for failure to state a viable claim for relief, this court quoted the following analysis from our Olds opinion:
 {¶ 8} "`As an initial point, this court would indicate that, according to relator's own factual allegations, the Comer
decision was rendered approximately two years after his conviction became final. In considering the issue of the retroactive application of new case law, the Supreme Court of Ohio has stated that any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system. See State v. Evans (1972),32 Ohio St.2d 185, 187. However, once a conviction has become "final" because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case. See State v. Spaulding (Apr. 10, 1991), 9th Dist. No. 14710, 1991 Ohio App. LEXIS 1706.
 {¶ 9} "`In the instant action, relator has not alleged that he had an appeal pending before this court or the Supreme Court at the time the Comer decision was issued. As a result, even if a mandamus action can be used to require the State of Ohio to reopen a criminal proceeding, relator has failed to state a valid reason to warrant the reopening of his case because he is not entitled to have the Comer holding applied to the facts of his situation. Simply stated, the basic requirements of due process do not require that any subsequent changes in the law must be retroactively applied to cases which have already concluded.
 {¶ 10} "`More importantly, this court would note that, in challenging the propriety of the procedure the trial court followed during his sentencing hearing, relator is asserting a nonjurisdictional question which he could have raised in a direct appeal from his final conviction. As we have stated on numerous prior occasions, in order for a relator to be entitled to a writ of mandamus, he must be able to establish, inter alia, that there does not exist an alternative adequate legal remedy he could pursue. Hamilton v. Collins, 11th Dist. No. 2003-L-106, 2003-Ohio-5703. Under this requirement, a writ will not lie if the relator could obtain the same basic relief he seeks in the mandamus case through a distinct legal proceeding. State ex rel.Norris v. Watson, 11th Dist. No. 2001-P-0089, 2001-Ohio-3932. In considering this requirement in situations in which the relator has tried to use a mandamus action as a means of challenging his criminal conviction, we have held that a direct appeal from the conviction constitutes an adequate legal remedy which forecloses the issuance of a writ. Id.
 {¶ 11} "`In relation to this point, the Supreme Court has held that the prior failure of a relator to pursue a direct appeal does not alter the outcome of this analysis; i.e., the mere fact that the relator could have brought an appeal is sufficient to establish that the writ of mandamus cannot be issued because an adequate legal remedy existed. State ex rel.Schneider v. Bd. of Edn. of North Olmsted City School District
(1992), 65 Ohio St.3d 348. The Schneider court emphasized that if a direct appeal could be rendered "inadequate" simply by the failure of the relator to pursue it, he would always ignore the appellate process and use a mandamus action as a substitute for an appeal.'" Wallace, 2004-Ohio-2596, at ¶ 5-8, quoting Olds,
2004-Ohio-1848, at ¶ 3-6.
 {¶ 12} In light of the specific allegations made by relator in the present case, the foregoing analysis from Olds andWallace would apply in this instance. First, our review of the mandamus petition readily shows that relator has not asserted that, on the date that the Supreme Court released its Comer
decision, he had an appeal pending before either this court or the Supreme Court. Under such circumstances, the Comer holding cannot be applied retroactively to his March 2000 conviction. Second, since relator could have raised the issue of respondent's alleged failure to make proper findings on the record in a direct appeal from his conviction, that issue cannot form the basis of a viable mandamus claim because such an appeal constitutes an adequate legal remedy. The latter analysis would also apply to relator's allegations that respondent erred in not imposing the shortest sentence possible and in not making his Portage County terms concurrent with the Summit County sentence; i.e., neither issue can be litigated in a mandamus action because they should have been asserted in a direct appeal.
 {¶ 13} Since a mandamus action is considered civil in nature, a petition for a writ can be dismissed for failing to state a viable claim when the nature of the allegations are such that, even if those allegations are viewed in a manner most favorable to the relator, they are still legally insufficient to show that the relator will be able to prove a set of facts entitling him to the writ. Olds, 2004-Ohio-1848, at ¶ 7. Applying the foregoing standard to the allegations in the instant petition, this court holds that relator will not be able to establish that: (1) respondent exceeded the scope of his jurisdiction in imposing his sentence in the underlying criminal case; and (2) relator lacked an adequate legal remedy through which he could obtain the same result as he sought in the instant case. Thus, as relator's allegations are insufficient to show that he can satisfy all elements of a mandamus claim, the dismissal of his petition is warranted under Civ.R. 12(B)(6).
 {¶ 14} Consistent with the foregoing discussion, respondent's motion to dismiss the mandamus claim is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
Ford, P.J., O'Neill, J., Grendell, J., concur.