OPINION *Page 2 
{¶ 1} Relator has filed a Petition requesting the issuance of a Writ of Mandamus compelling Judge James Henson to vacate a judgment which Relator claims is void due to lack of jurisdiction. Relator claims the Clerk of Courts refused to file his "Damaged Party's Petition to Vacate a Void Judgment, a Void Ab Initio on the Face of the Record, as a Principal of Law."
 {¶ 2} It is Relator's position he could not appeal because the Clerk refused to file the motion. Since it was not filed, the trial court did not issue a ruling from which Relator could appeal.
 {¶ 3} Initially, we note, Relator has presented no evidence showing the Clerk refused to file his motion with the trial court. Further, Relator has not requested that we order the Clerk to file the motion which would enable the trial court to issue a ruling from which Relator could appeal. Instead, Relator requests that we find the judgment void on the merits.
 {¶ 4} In order to be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v.Rhodes (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel.National City Bank v. Bd. of Education (1977), 520 Ohio St.2d 81,369 N.E.2d 1200."
 {¶ 5} We find Relator has or had an adequate remedy at law by way of an appeal of his conviction or by way of filing a motion with the trial court. Mandamus will not lie *Page 3 
where there is an adequate remedy at law. "[A]bsent a patent and unambiguous lack of jurisdiction, `a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.'" State ex rel.Powell v. Markus, 2007 WL 2788619, *2 citing State ex rel. Shimko v.McMonagle (2001), 92 Ohio St.3d 426, 428-429, 751 N.E.2d 472.
 {¶ 6} Further, mandamus is not a substitute for a direct appeal. In relation to this point, the Supreme Court has held that the prior failure of a relator to pursue a direct appeal does not alter the outcome of this analysis; i.e., the mere fact that the relator could have brought an appeal is sufficient to establish that the writ of mandamus cannot be issued because an adequate legal remedy existed.State ex rel. Schneider v. Bd. of Edn. of North Olmsted City SchoolDistrict (1992), 65 Ohio St.3d 348, 603 N.E.2d 1024.
 {¶ 7} Relator could have filed an appeal from his conviction raising any issue regarding lack of jurisdiction.
 {¶ 8} WRIT DENIED.
 {¶ 9} CAUSE DISMISSED.
 {¶ 10} COSTS TAXED TO RELATOR.
 Edwards, J. Hoffman, P. J. and Farmer, J., concur *Page 4 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1