OPINION *Page 2 
{¶ 1} Relator has filed a Petition requesting the issuance of a Writ of Mandamus compelling Judge V. Lee Sinclair to vacate a judgment which Relator claims is void due to lack of personal jurisdiction. Relator claims the Clerk of Courts refused to file his "Damaged Party's Petition to Vacate a Void Judgment, a Void Ab Initio on the Face of the Record, as a Principal of Law."
 {¶ 2} It is Relator's position he did not have an adequate remedy at law by way of appeal because the Clerk refused to file the motion. Since it was not filed, the trial court did not issue a ruling from which Relator could appeal.
 {¶ 3} We note Relator has presented no evidence showing the Clerk refused to file his motion with the trial court. Further, Relator has not requested that we order the Clerk to file the motion which would enable the trial court to issue a ruling from which Relator could appeal. Instead, Relator requests that we find the judgment void on the merits due to the fact he was not served with a summons.
 {¶ 4} In order to be entitled to the issuance of a writ of mandamus, Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978),5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel. National City Bank v. Bd.of Education (1977), 520 Ohio St.2d 81, 369 N.E.2d 1200."
 {¶ 5} It has long been held that personal jurisdiction, as opposed to subject matter jurisdiction, can be waived. See Fox v. Eaton Corp.
(1976), 48 Ohio St.2d 236 *Page 3 
(parties cannot confer subject matter jurisdiction on court). In fact, personal jurisdiction is not merely waived by failing to raise it at the first general appearance, but it is actually acquired by or conferred upon the court through the voluntary appearance and submission of the defendant or his legal representative. See Maryhew v. Yova (1984),11 Ohio St.3d 154, 156; State v. Smith 2007 WL 1806651, *3 (Ohio App. 7 Dist.).
 {¶ 6} The record reveals Appellant was served with a copy of his indictment by personal service by the Sheriff on August 21, 2003. Any issue regarding lack of personal jurisdiction could have been raised on direct appeal from Appellant's conviction and sentence dated September 10, 2003. Appellant failed to file an appeal alleging the trial court lacked jurisdiction. Appellant now attempts to circumvent the requirement for filing a timely notice of appeal by filing a motion to vacate the sentence.
 {¶ 7} We find Relator has or had an adequate remedy at law by way of an appeal of his conviction or by way of filing a motion with the trial court. Mandamus will not lie where there is an adequate remedy at law, and mandamus is not a substitute for a direct appeal. In relation to this point, the Supreme Court has held that the prior failure of a relator to pursue a direct appeal does not alter the outcome of this analysis; i.e., the mere fact that the relator could have brought an appeal is sufficient to establish that the writ of mandamus cannot be issued because an adequate legal remedy existed. State ex rel. Schneiderv. Bd. of Edn. of North Olmsted City School District (1992),65 Ohio St.3d 348, 603 N.E.2d 1024.
 {¶ 8} WRIT DENIED. *Page 4 
 {¶ 9} CAUSE DISMISSED.
 {¶ 10} COSTS TAXED TO RELATOR.
 Delaney, J., Gwin P.J. and Hoffman, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, a Writ of Mandamus is denied. Costs taxed to Relator. *Page 1