THE STATE, EX REL. CRANCE, *v.* KENNEDY.

[Cite as State, ex rel. Crance, v. Kennedy (1978),
53 Ohio St. 2d 166.]

(No. 77-210—Decided March 15, 1978.)

*Messrs. Peck, Shaffer & Williams* and *Mr. Henry C. Kasson,* for relator.

*Messrs. Moore & Boll* and *Mr. Dennis J. Boll,* for respondent.

*Per Curiam.* Respondent asserts that the office being sought is not a "public office" and, therefore, not subject to question in a *quo warranto* action. The statutory scheme of R. C. Chapter 3735 makes this contention untenable. There has been a delegation by the state of some of its sovereign powers.

A metropolitan housing authority may appropriate real property and in doing so shall be exercising "* * * powers and duties conferred upon officers of municipal

corporations * * *." R. C. 3735.32. It is exempt from taxation. R. C. 3735.34. It may issue bonds for "any of its corporate purposes." R. C. 3735.45. In fact, the General Assembly has specifically stated that the housing authority "constitutes a body corporate and politic." R. C. 3735.31. A member of that housing authority is therefore holding a public office.

Furthermore, a member of that authority is holding a corporate office to which a test by *quo warranto* is equally applicable under R. C. 2733.01.

Respondent maintains further that relator was never properly appointed because such appointment was never journalized. It is a maxim that a court speaks only through its journal, and this court has applied this principle to Probate Courts. *State, ex rel. Voight,* v. *Lueders* (1920), 101 Ohio St. 256. However, no precedent has been cited concerning the necessity of journalization of appointments to statutorily created public offices. R. C. 2101.12, dealing with books and records to be kept by the Probate Court, does not require journalization of such appointment.

Moreover, there is nothing in the statute under which the then Judge Henry was acting (R. C. 3735.27) which requires such formality.

There being no statutorily prescribed formalities for making an appointment under R. C. 3735.27 and there having been a clear intention to appoint relator to the Ironton Metropolitan Housing Authority by Judge Henry, for the term commencing June 17, 1973, to June 17, 1978, respondent is unlawfully exercising a public office to which he is not entitled and, therefore, the writ prayed for is allowed.

*Writ allowed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.