[THE STATE, EX REL.] ROSE, APPELLANT, *v.* JAMES, EXECUTIVE DIRECTOR, APPELLEE.

[Cite as State, ex rel. Rose, *v.* James (1991), 57 Ohio St. 3d 14.]

(No. 89-2038—Submitted October 23, 1990—Decided January 9, 1991.)

*Denise J. Knecht,* for appellant.

*Per Curiam.* Mandamus lies to require a public agency or its officer to reinstate an employee to his former position if the employee is wrongfully excluded from it. *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, 53, 75 O.O. 2d 132, 138, 346 N.E. 2d 141, 148. According to *State, ex rel. Crance,* v. *Kennedy* (1978), 53 Ohio St. 2d 166, 7 O.O. 3d 316, 373 N.E. 2d 383, a member of the metropolitan housing authority holds a public office because the authority exercises powers and duties conferred on officers of municipal corporations, is exempt from taxation, may issue bonds for corporate purposes, and is a body corporate and politic. Furthermore, in *Cincinnati Metro. Hous. Auth.* v. *State Emp. Relations Bd.* (1990), 53 Ohio St.

3d 221, 560 N.E. 2d 179, we concluded that a housing authority was a state-created public body and, consequently, a public employer under R.C. 4117.01(B). Thus, a metropolitan housing authority is a public agency amenable to mandamus.

The court of appeals concluded that the personnel directive gave James some discretion, so long as his exercise of such discretion was consistent with the report. The court then found that Rose had not proven that James's refusal to reinstate Rose was an abuse of discretion. The disputed directive, contained in Section 115.2 of the Personnel Policy Manual, states:

"* * * [T]he CMHA Hearing Officer shall issue a written report which shall state findings of fact, together with conclusions as to whether the action imposed or proposed is required, permitted or barred by law. * * * Upon receipt of the report, the Executive Director of CMHA will promptly take such action as he/she deems appropriate, consistent with the written report."

The grievance procedures require the director to follow the hearing officer's recommendations, as the director deems appropriate, consistent with the hearing officer's report. In light of the recommendations here, James may not maintain the status quo. He must act, and his action must conform to language contained within the four corners of the report.

The hearing officer did not recommend that James retain Rose as an assistant manager. Rather, she recommended that James reinstate Rose to a manager position and pay him compensation lost due to the demotion. This recommendation implies that employing Rose as a probationary manager would satisfactorily remedy Rose's job deficiencies. Accordingly, under Section 115 of the personnel manual, James was required to reinstate Rose and, by not doing so, wrongfully excluded him from his position. Consequently, Rose has a clear legal right to reinstatement and lost compensation, and James has a clear legal duty to accomplish these actions. Furthermore, since Rose does not have a plain and adequate remedy in the ordinary course of law, we conclude that the court of appeals should have issued the writ.

Rose also argues for back pay. A public employee may recover compensation due him for when he was wrongfully excluded from his employment if he establishes the amount recoverable with certainty. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 61 O.O. 2d 425, 291 N.E. 2d 462, syllabus. Rose attached copies of his pay stubs to his complaint, indicating his salary before and after the demotion. Consequently, the court of appeals can calculate the amount of his lost compensation until the filing of the complaint, and may calculate lost compensation since then on receiving further evidence establishing the amount recoverable with certainty.

As to Rose's claim for attorney fees, he must show that James acted in bad faith. This Rose did not do. Even though James acted contrary to the report, he apparently believed he had discretion to do so. The court of appeals, in fact, agreed with him. Obtaining a favorable decision from at least one court can reveal good faith. *State, ex rel. Caspar,* v. *Dayton* (1990), 53 Ohio St. 3d 16, 558 N.E. 2d 49.

Accordingly, we reverse the judgment of the court of appeals and direct it to issue a writ ordering James to reinstate Rose to his former position

and award him back pay lost due to his demotion, from the date of his demotion until the date of his reinstatement.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.