[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 205.]

THE STATE EX REL. NICHOLS, N.K.A. DELACEY, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE.

[Cite as *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 1995-Ohio-215.]

*Mandamus to compel Cuyahoga County Board of Mental Retardation and Developmental Disabilities to reinstate occupational therapist to her former position and pay of back wages—Writ denied, when.*

(No. 94-1133—Submitted March 21, 1995—Decided May 17, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 66315.

_____

{¶ 1} Appellant, Marilyn R. Nichols, n.k.a. Marilyn R. deLacey, was employed as an occupational therapist by appellee, Cuyahoga County Board of Mental Retardation and Developmental Disabilities. In April 1983, John B. McLaughlin, the personnel director of appellee, sent Nichols a letter stating that she would not receive a contract for the 1983-1984 school year. Nichols filed a grievance under the collective bargaining agreement between appellee and the Association of Cuyahoga County Teachers of the Trainable Retarded, which had been recognized by appellee as the exclusive bargaining representative for various employees, including occupational therapists.

{¶ 2} Following a meeting between McLaughlin and union representatives, which Nichols did not attend, appellee sent a letter to the union and Nichols purporting to incorporate the terms of a settlement reached at the meeting. Under the agreement, Nichols would resign from her position effective February 3, 1984 in exchange for certain concessions from appellee.

**{¶ 3}** In January 1984, after appellee complied with all of the terms of the agreement, Nichols submitted to appellee her notice of intention not to resign. McLaughlin advised Nichols that it did not plan to terminate Nichols at that time but that if Nichols did not resign, she would be considered to have breached her agreement, entitling appellee to damages. Nichols filed another grievance. The grievance was submitted to arbitration and was resolved in favor of appellee. By letter dated August 31, 1984, McLaughlin advised Nichols that she was not to report for work anymore and that appellee was considering a lawsuit against her to recover salary paid to her after February 3, 1984.

**{¶ 4}** Nichols appealed to the State Personnel Board of Review ("SPBR"), which dismissed her appeal because of a lack of jurisdiction based on its determination that Nichols had voluntarily resigned. The Cuyahoga County Court of Common Pleas affirmed SPBR's order. On further appeal, the Court of Appeals for Cuyahoga County reversed the judgment and remanded the cause to the common pleas court. *Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (Sept. 25, 1986), Cuyahoga App. No. 50877, unreported ("*Nichols I*"). The court of appeals determined that Nichols's resignation was forced rather than voluntary and that she was therefore denied her right to procedural due process when she was denied a pretermination hearing and R.C. 124.34 notice of her removal.

**{¶ 5}** On remand from the court of appeals, Nichols filed a "motion" for writ of mandamus pursuant to R.C. 2731.11, which the common pleas court overruled on June 22, 1987. On the same date, the common pleas court remanded the case to SPBR for further proceedings pursuant to the court of appeals' decision in *Nichols I*.

**{¶ 6}** On November 10, 1987, SPBR again dismissed Nichols's appeal because of a lack of jurisdiction. This time the SPBR relied upon R.C. 4117.10(A), finding that the collective bargaining agreement between appellee and Nichols's

bargaining representative provided for final and binding arbitration of grievances and that Nichols had used that arbitration procedure. SPBR's decision was affirmed by the common pleas court, and Nichols appealed.

{¶ 7} In *Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (Dec. 3, 1992), Cuyahoga App. No. 61111, unreported ("*Nichols II*"), the court of appeals affirmed the judgment of the common pleas court. The court of appeals rejected Nichols's claim that SPBR and the common pleas court had failed to follow *Nichols I* on remand and also held that Nichols had waived her rights to a pretermination hearing and an appeal to the board by submitting her claim to final and binding arbitration. The court of appeals further held that it lacked jurisdiction to rule on Nichols's contention that the common pleas court erred in overruling her 1987 motion for a writ of mandamus, since her notice of appeal was filed three and one-half years after the denial of her motion. Nichols's motion to certify the record in *Nichols II* was overruled by this court on April 28, 1993. 66 Ohio St.3d 1466, 611 N.E.2d 325.

{¶ 8} On October 19, 1993, Nichols filed a complaint in the court of appeals for a writ of mandamus compelling appellee to reinstate her to her former position of occupational therapist and award damages, including back pay during the period of her alleged wrongful removal. The court of appeals subsequently granted appellee's motion for summary judgment and denied the writ. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (Mar. 28, 1994), Cuyahoga App. No. 66315, unreported.

{¶ 9} The cause is now before this court upon an appeal as of right.

———————————

*Barry L. Sweet* and *Judith M. Kowalski*, for appellant.

*Thompson, Hine & Flory*, *Gregory A. Jacobs*, *Carl H. Gluek* and *Mauritia G. Kamer*, for appellee.

———————————

**Per Curiam.**

{¶ 10} In order to be entitled to a writ of mandamus, Nichols had to establish a clear legal right to reinstatement and damages, a corresponding clear legal duty on the part of appellee, and the absence of an adequate remedy in the ordinary course of law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128.

{¶ 11} "[B]efore a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was 'wrongfully excluded from employment.'" *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 476, 605 N.E.2d 37, 41, and the cases cited therein. Prior to a determination of wrongful exclusion, mandamus does not lie. *Id.* at 477, 605 N.E.2d at 42.

{¶ 12} Nichols concedes that the foregoing holding of *State ex rel. Weiss* applies but claims that her "mandamus action merely seeks to enforce the *Nichols I* judgment on the merits of her wrongful removal." However, *Nichols I* did not constitute a final determination that Nichols had been wrongfully excluded from her position as an occupational therapist for appellee. Instead, the court of appeals' determination in *Nichols I* was limited to disaffirming SPBR's conclusion that it lacked jurisdiction because Nichols had voluntarily resigned. On remand, SPBR relied upon a different rationale to determine it lacked jurisdiction, *i.e.*, the provision for final and binding arbitration in the collective bargaining agreement and R.C. 4117.10(A). R.C. 4117.10(A) provides that "[i]f the [collective bargaining] agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure." As the

court of appeals held in *Nichols II* at 4, "SPBR's *** ruling that appellant has waived her right to appeal the denial of said hearing is not a 'failure to carry into execution' our previous ruling ***." Therefore, *Nichols I* does not support Nichols's claim for a writ of mandamus.

**{¶ 13}** Additionally, although in *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1025, and *State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547, mandamus was recognized as appropriate to compel both reinstatement and back pay, these cases involved actions instituted following a final determination of wrongful exclusion. In *State ex rel. Schneider*, relator instituted a mandamus action following disaffirmance of termination in a civil service appeal, and *State ex rel. Rose* involved a mandamus action filed after a grievance hearing officer's reinstatement order.

**{¶ 14}** The issues that were necessarily decided in Nichols's second SPBR appeal were the same issues raised in her subsequent mandamus action. In determining that SPBR correctly held that it lacked jurisdiction due to R.C. 4117.10(A), the provision in the collective bargaining agreement for final and binding arbitration and Nichols's utilization of the arbitration remedy, the court of appeals in *Nichols II* rejected the same arguments raised by Nichols in her mandamus action.

**{¶ 15}** Further, a writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 199, 638 N.E.2d 74, 76; R.C. 2731.05. Appeal is inadequate only if it is not complete in its nature, beneficial and speedy. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Mandamus is not available as a substitute for civil service appeals. *State ex rel. Weiss*, *supra*, 65 Ohio St.3d at 477, 605 N.E.2d at 42. The lack of authority to award back pay does not "warrant the conclusion that SPBR procedures are

inadequate and may be bypassed." *Id.* at 476, 605 N.E.2d at 41. Nichols's claims either were or could have been raised in her arbitration proceeding, her appeal to SPBR, and/or her further civil service appeals to the common pleas court, court of appeals, and this court.

{¶ 16} In *State ex rel. Schneider*, *supra*, 65 Ohio St.3d at 350, 603 N.E.2d at 1026, quoting *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558, we held:

"'The fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it.'"

{¶ 17} Similarly, the fact that Nichols pursued her adequate remedies of arbitration and civil service appeals and failed to receive a favorable decision does not render those remedies inadequate. A contrary conclusion would allow grievants and appellants who do not prevail to circumvent these processes. "Where a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal." *State ex rel. Inland Properties Co. v. Court of Appeals of the Eighth Appellate Dist. of Ohio* (1949), 151 Ohio St. 174, 176, 39 O.O. 15, 16, 84 N.E.2d 922, 923; *State ex rel. Stanley v. Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207, paragraphs five and nine of the syllabus.

{¶ 18} Since there was no final determination establishing Nichols's wrongful exclusion from employment, and Nichols possessed adequate remedies at law, the court of appeals properly denied the writ. *State ex rel. Weiss* and *State ex rel. Stanley*, *supra*. Therefore, based on the foregoing, any claimed error by the court of appeals in holding that *res judicata* barred Nichols's claims is harmless.

{¶ 19} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., concur in part and dissent in part separately.

————————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 20} The filing of this second mandamus action and the appeal to this court is plainly frivolous conduct for which I would award attorney fees as a sanction.

WRIGHT, J., concurs in the foregoing opinion.

————————————