DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Victoria E. Ullmann, brings this action requesting that we issue a writ of mandamus ordering respondent, Ohio Department of Jobs and Family Services ("ODJFS") to reinstate her to an attorney position with ODJFS and to pay her back wages and benefits. Alternatively, relator petitions this court to direct respondent State Personnel Board of Review ("SPBR") to conduct another hearing in order to allow relator an additional opportunity to challenge the decision to abolish her position. Finally, relator requests that we order respondent Ohio Attorney General ("OAG") to institute adequate policies and procedures to ensure that any perjury which may be discovered by that office be dealt with in a correct manner.
 {¶ 2} In 1993, the "Attorney 3" position held by the relator was abolished by her employer, the Ohio Bureau of Employment Services ("OBES"). The decision of OBES was affirmed by the SPBR in April 1995. That decision was appealed, and later, in December 1995, the Franklin County Court of Common Pleas entered a judgment which upheld the decision of the SPBR. Relator filed a second appeal and, in June 1996, this court upheld the December 1995 decision of the Court of Common Pleas. Meanwhile relator also filed an age discrimination case with the Ohio Civil Rights Commission, the Ohio Court of Claims, and with the United States District Court. However, she was not successful in pursuing her claims before these tribunals and administrative bodies.
 {¶ 3} Under Ohio law, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to obtain a writ of mandamus, relator must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent has a clear legal duty to grant the relief requested; and (3) that no adequate remedy at law exists to vindicate the claimed right. State exrel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125, citingState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29, certiorari denied (1983), 464 U.S. 1017, 104 S.Ct. 548.
 {¶ 4} On April 23, 2003, respondents moved, pursuant to Civ.R. 12(B)(6), to dismiss this action for failure to state a claim upon which relief may be granted. Specifically, respondents argue that relator's complaint for a writ of mandamus is barred by the doctrine of res judicata as final judgments dismissing relator's claims have been entered.
 {¶ 5} A Civ.R. 12(B)(6) motion to dismiss is a procedural motion designed to test the sufficiency of a complaint. Thompsonv. Cent. Ohio Cellular, Inc. (1994), 93 Ohio App.3d 530, 538, citing Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. The standard to be applied in determining whether or not to dismiss a complaint pursuant to Civ.R. 12(B)(6) is set forth in O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. In O'Brien, the Supreme Court of Ohio stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 245, quoting Conley v. Gibson (1957),355 U.S. 41, 45, 78 S.Ct. 99, 101. See, also, Toledo v. Thomas
(1989), 60 Ohio App.3d 42; and Kotyk v. Rebovich (1993),87 Ohio App.3d 116.
 {¶ 6} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate of this court. On June 4, 2003, the magistrate rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision, and the matter is now before the court for independent review. Having carefully reviewed the record, the magistrate concluded that dismissal of the relator's complaint was justified for the reason that before a writ of mandamus may be issued to compel a classified employee's reinstatement or back pay, there must be a final determination made in an appeal from the SPBR, a local civil service commission, or other authority that the employee was wrongfully excluded from employment. Stateex. rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation
(1995), 72 Ohio St.3d 205; and State ex. rel. Weiss v. Indus.Comm. (1992), 65 Ohio St.3d 470. As the magistrate correctly concluded, in this instance, no such final determination of wrongful exclusion exists. Furthermore, relator's complaint fails to allege that relator lacks a plain and adequate remedy in the ordinary course of the law and, in addition, fails to direct the court's attention to any statute or law which creates a clear legal duty owed her by the respondents. Relator's objections to the magistrate's decision are overruled.
 {¶ 7} Having carefully reviewed the record, this court concurs with the magistrate's analysis deciding that relator's complaint should be dismissed. Finding no error in either the magistrate's analysis or decision, pursuant to Civ.R. 53(E)(4)(a), we hereby adopt the magistrate's June 24, 2003, decision as our own, including the findings of fact and conclusions of law rendered therein. Therefore, in accordance with the magistrate's decision, relator's complaint for a writ of mandamus is dismissed.
Relator's objections overruled; complaint dismissed.
Bowman and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Victoria E. Ullmann, : Relator, : v. : No. 03AP-299 Tom Hay, Director, Ohio Department : (REGULAR CALENDAR) of Jobs and Family Services, James Petro, : Attorney General for the State of Ohio : and Roger W. Tracy, Chairman, State : Personnel Board of Review, : Respondents. :
 MAGISTRATE'S DECISION Rendered on June 24, 2003 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 8} In this original action, relator, Victoria E. Ullmann, requests a writ of mandamus ordering respondent Ohio Department of Jobs and Family Services ("ODJFS") to reinstate her to an appropriate attorney position and to pay back wages and benefits. In the alternative, relator requests that this court order respondent State Personnel Board of Review ("SPBR") to conduct another hearing at which she could again challenge her job abolishment. Relator further requests that this court order respondent Ohio Attorney General ("AG") to institute policies and procedures to ensure that any perjury discovered by his office be handled properly.
Findings of Fact
 {¶ 9} 1. Relator attaches to her complaint a copy of this court's opinion in Ullmann v. Ohio Bur. of Emp. Serv. (1996), Franklin App. No. 96APE01-79.
 {¶ 10} 2. According to Ullmann and the complaint, in 1993, the Attorney 3 position held by relator was abolished by her employer, Ohio Bureau of Employment Services ("OBES"). The job abolishment was affirmed by the SPBR in April 1995. In December 1995, the Franklin County Court of Common Pleas entered judgment upholding SPBR's decision. On appeal, this court affirmed the judgment of the common pleas court in June 1996.
 {¶ 11} 3. According to the complaint, in December 1997, after making a public records request directly to ODJFS, OBES's successor, relator first obtained documents showing that key testimony presented by OBES to the SPBR was perjured. The testimony was given by James R. Keith, OBES's former chief legal counsel who was allegedly responsible for relator's job abolishment. According to the complaint, Keith perjured himself before the SPBR when he testified regarding the duties and level of responsibility assumed by Kathy Ferguson, who had been promoted by Keith to an Attorney 4 position when relator's Attorney 3 position was abolished. (Complaint ¶ 22, 23.)
 {¶ 12} 4. This court, in Ullmann, supra, stated:
 {¶ 13} "Mr. Keith testified that once appellant left the office and the new Attorney 4 came in, he and the Attorney 4 performed appellant's prior duties. According to the testimony, the Attorney 4 spent less than one-half of her time performing duties once performed by appellant. In relation to the duties the Attorney 4 picked up from appellant's old position, the Attorney 4 has expanded responsibilities. Specifically, in regard to pre-disciplinary conferences, the Attorney 4 has the additional duty of recommending discipline, a duty once performed by Mr. Keith. * * *"
 {¶ 14} 5. According to the complaint, Keith "reviewed each and every pre-disciplinary report written by" Ferguson and he "signed off on every single one of them." Ferguson "never made a recommendation of level of discipline while Keith was at OBES." (Complaint ¶ 24; Emphasis sic.) According to the complaint, these allegations are supported by the documents relator obtained subsequent to this court's opinion and judgment in Ullmann. According to the complaint, the documents obtained by relator show that Keith's testimony before the SPBR was perjured.
 {¶ 15} 6. According to the complaint, relator also filed an age discrimination case with the Ohio Civil Rights Commission ("OCRC") which resulted in depositions and a hearing in August and September 1995. The two assistant attorneys general representing OBES before the OCRC allegedly became aware of the perjury at that time, yet they allegedly "conspired with OBES and Keith to continue to present perjured testimony in any action relator brought against the agency." (Complaint ¶ 19.)
 {¶ 16} 7. According to the complaint, relator filed "an age and civil rights case" in the United States District Court, and during discovery asked to see all the "pre-disciplinary files." The AG's office allegedly "concealed these documents for over a year." Relator then made a public records request directly to ODJFS and obtained the documents in December 1997, after this court's decision in Ullmann had be decided. (Complaint ¶ 21-23.)
 {¶ 17} 8. According to the complaint, after she obtained the documents allegedly showing perjury, relator informed the AG's office "that she had discovered the perjury." (Complaint ¶ 30.) According to the complaint, notwithstanding that the AG's office had been informed by relator of the perjury, the AG's office submitted the SPBR transcript to the United States District Court and later to the Sixth Circuit Court of Appeals.
 {¶ 18} 9. According to the complaint, relator later filed an "age discrimination" action in the Ohio Court of Claims where the AG's office represented ODJFS. In the Court of Claims, the assistant attorneys general allegedly delayed producing the documents, i.e., the "pre-disciplinary reports," that would show perjury. According to the complaint, the assistant attorneys general finally produced the documents and Keith "did not repeat the perjury" before the Court of Claims. (Complaint ¶ 33.)
 {¶ 19} 10. According to the complaint, the AG's office failed a duty "to correct the fraud on any of the past tribunals." (Complaint ¶ 37.)
 {¶ 20} 11. In her prayer for relief, relator requests a writ of mandamus that vacates "all previous orders in relator's SPBR case," and that orders respondent ODJFS to reinstate her to an appropriate attorney position and pay back wages and benefits. In the alternative, relator requests that this court order respondent SPBR to conduct another hearing at which relator could again challenge her job abolishment. Relator also requests that this court order the AG to institute adequate polices and procedures that will instruct and guide his employees on how to handle perjury when it is discovered.
 {¶ 21} 12. On April 23, 2003, respondents filed a motion to dismiss this action, citing Civ.R. 12(B)(6). In their memorandum in support, respondents contend, inter alia, that the instant complaint is barred under the doctrine of res judicata. According to respondents, a final judgment dismissing relator's claim with prejudice under the Age Discrimination in Employment Act was entered in the United States District Court for the Southern District of Ohio on June 30, 2000.
 {¶ 22} 13. On May 16, 2003, relator filed her memorandum contra respondents' motion to dismiss.
 {¶ 23} 14. In the meantime, on May 7, 2003, relator moved to disqualify counsel, i.e., one of the assistant attorneys general representing respondents in this mandamus action. On May 20, 2003, respondents filed their memorandum contra relator's motion to disqualify counsel.
Conclusions of Law
 {¶ 24} It is the magistrate's decision that this court sua sponte dismiss this action for failure of the complaint to state a claim upon which relief in mandamus can be granted against respondents.
 {¶ 25} This court must treat a sua sponte dismissal of a complaint as it would a Civ.R. 12(B)(6) motion to dismiss which tests the sufficiency of the complaint. See State ex rel. Boggsv. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94. In reviewing the complaint, this court must take all material allegations as admitted and construe all reasonable inferences in favor of relator. Id.
 {¶ 26} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him/her to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242.
 {¶ 27} It is settled law that in order for a writ of mandamus to issue, relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 28} Before a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was wrongfully excluded from employment. State ex rel.Nichols v. Cuyahoga Cty. Bd. of Mental Retardation Dev.Disabilities (1995), 72 Ohio St.3d 205, 208; State ex rel.Weiss v. Indus. Comm. (1992), 65 Ohio St.3d 470, 476. No such final determination exists here and thus mandamus does not lie. Id.
 {¶ 29} The instant complaint presents, in effect, a collateral attack upon the judgment of this court in Ullmann, supra, because in Ullmann, this court affirmed the judgment of the common pleas court which upheld SPBR's order abolishing relator's Attorney 3 position.
 {¶ 30} Clearly, relator cannot collaterally attack through a mandamus action the judgment of this court, or, for that matter, the judgment of the common pleas court. Clearly, relator cannot collaterally attack through a mandamus action, the decision of the SPBR that was the subject of appeals to the common pleas court and later to this court.
 {¶ 31} R.C. 124.03 sets forth the powers and duties of the SPBR. It provides in part:
 {¶ 32} "The state personnel board of review shall exercise the following powers and perform the following duties:
 {¶ 33} "(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to * * * job abolish-ments[.] * * *
 {¶ 34} "* * *
 {¶ 35} "(G) Subpoena and require the attendance and testimony of witnesses and the production of books, papers, public records, and other documentary evidence pertinent to any matter which it has authority to investigate, inquire into, or hear in the same manner and to the same extent as provided by division (G) of section 124.09 of the Revised Code. * * *"
 {¶ 36} Clearly, relator could have requested during the administrative proceedings in 1995 that SPBR subpoena documents from OBES relating to her job abolishment. The instant complaint fails to allege whether relator ever requested SPBR to exercise its subpoena power for the production of the "pre-disciplinary reports" and other documents that relator did not actually obtain until December 1997. In fact, relator's complaint fails to allege in even a conclusory fashion the lack of an adequate remedy in the ordinary course of law. Moreover, that the subpoena remedy is no longer available to relator does not eliminate it as a plain and adequate remedy that bars mandamus relief.
 {¶ 37} Relator appealed the SPBR decision to the common pleas court pursuant to R.C. 119.12. That statute provides in part:
 {¶ 38} "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency."
 {¶ 39} It is conceivable that a party adversely affected by a decision of the SPBR could meet the requirements of the above-quoted statute such that the common pleas court would be required to grant the admission of additional evidence obtained through the subpoena power of the common pleas court. See GoldenChristian Academy v. Zelman (2001), 144 Ohio App.3d 513, 517
(newly discovered evidence under R.C. 119.12 is evidence that was in existence at the time of the administrative hearing). The point is that even R.C. 119.12 conceivably provides a remedy where the R.C. 124.03(G) remedy has failed with the exercise of reasonable diligence.
 {¶ 40} In any event, relator's complaint fails to allege that relator ever invoked the subpoena powers of the SPBR or the common pleas court to obtain the documents that she claims could have been used to impeach Keith's testimony. In short, the complaint fails to allege that relator lacks a plain and adequate remedy in the ordinary course of the law.
 {¶ 41} Relator has also failed to state a claim in mandamus against respondent AG. As previously noted, relator requests that a writ order the AG to institute adequate policies and procedures to ensure that any perjury by a state employee discovered by his office be handled properly. Relator further requests that the AG be ordered to ensure that members of his staff who handled the litigation involving relator be educated on the Code of Professional Responsibility.
 {¶ 42} It is clear from the complaint, that relator's claim for relief against the AG is ancillary to her primary claims against respondents ODJFS and SPBR. That is, it is clear that the true object of relator's mandamus action is reinstatement to her Attorney 3 position, and not the improvement of the ethical training of the AG's staff. Thus, her claim against the AG necessarily falls with her failure to state a claim upon which relief in mandamus can be granted against respondents ODJFS and SPBR.
 {¶ 43} Moreover, even if it can be argued that relator's claim against the AG is severable from her claims against the other respondents, she has failed to state a claim for relief in mandamus against the AG.
 {¶ 44} It is axiomatic that in mandamus proceedings, the creation of the legal duty that relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus. State ex rel. Pipoly v. State Teachers RetirementSys., 95 Ohio St.3d 327, 2002-Ohio-2219.
 {¶ 45} Here, relator fails to cite to any statute that creates a clear legal duty that the AG has allegedly failed to perform with respect to supervision of his employees. In short, relator has failed to state a claim against the AG upon which relief in mandamus can be granted.
 {¶ 46} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action for failure of relator to state a claim upon which relief in mandamus can be granted. Because the magistrate has issued his decision that this court sua sponte dismiss this action, respondents' April 23, 2003 motion to dismiss and relator's May 7, 2003 motion to disqualify counsel are rendered moot and need not be addressed by this court.